CHRISTINA B. GALSTER, AN INFANT, BY GUARDIAN, ETC., *v.* THE SYRACUSE SAVINGS BANK.

*Practice — money in the hands of a receiver — a motion to compel its payment to a third person must be made in the action in which the receiver was appointed.*

In pursuance of an order duly made a savings bank paid to a receiver appointed in supplementary proceedings moneys deposited with it to the credit of the judgment-debtor and his wife. Each of these parties had at different times, and in the absence of the other, deposited money to the credit of, and withdrawn it from the said account.

Subsequently an action was brought by the wife against the bank to recover the amount of the said deposits, she claiming to be the sole owner thereof.

*Held,* that the court had no power, upon a motion made by the bank in the last action, to order the receiver appointed in the first action to indemnify the bank against all costs, damages and expenses to which it might be subjected in the second action, or to repay the money to it.

APPEAL by Albert C. Phillips, receiver of the property of Charles C. Galster (appointed in the supplementary proceedings in an action in favor of Dennis Hess against said Galster), from an order of the Onondaga Special Term, made in this action, requiring the said receiver to pay to the defendant herein a certain sum of money which had been paid to said receiver, by said defendant, under an order of the county judge of Onondaga county, made in the action in which said receiver was appointed, or to indemnify the bank from all costs, damages or expenses to which it might be subjected in this action.

*A. C. Phillips*, receiver and appellant, in person.

*Edwin S. Butterfield*, of counsel.

*W. H. Gifford*, for Syracuse Savings Bank, respondent.

SMITH, P. J.:

The following facts appear from the appeal book: For some time prior to 6th of September, 1882, Charles Galster and his wife, Christina B. Galster, the plaintiff in this action, had deposited moneys in the Syracuse Savings Bank, the defendant herein; the account was kept on the books of the bank in the names of " Charles C. and Christina B. Galster; " and each of the parties had, at various times, personally and in the absence of the other, deposited moneys in said bank, and drawn moneys from it, to the credit and debit respectively of said accounts. On the day above mentioned, the appellant, Phillips, who had been appointed receiver of the property of said Charles Galster, in supplementary proceedings in the suit of Dennis Hess against said Charles, as such receiver demanded of the bank all moneys therein belonging to said Charles or deposited to his credit, and thereupon the treasurer of said bank paid to said receiver the sum of $400.58 which the receiver still holds subject to the order of the court. On 28th of September, 1882, this action was commenced against the bank to recover the same money, the plaintiff claiming it as her own. Thereupon the bank, upon notice to the plaintiff, the receiver and Hess, moved that the receiver and Hess be substituted as defendants in this action in the place of the bank, and that the bank be discharged from all liability to Hess, the receiver or the plaintiff, in respect to the subject-matter of this action. The relief asked for, as above stated, was denied, on the ground that the defendant had paid the money, which was the subject-matter of the action, to the receiver, but an order was made requiring the receiver, within twenty days after service of a copy of said order, to deliver a bond to the defendant indemnifying it against all costs, damages and expenses which the plaintiff may recover in this action, or which the defendant may sustain or incur therein, or that the receiver, within the same time, pay to the defendant the said sum of $400.58. The appeal is taken from that part of the order which requires the receiver to pay or give security.

We think the part of the order appealed from was improvidently granted, and that it should be reversed for several reasons :

1. From the manner in which the account was kept by the bank, and the dealings of Galster and his wife with reference to it, the presumption is that at least one-half of the money belonged to the husband, and there is no evidence to the contrary, except that the plaintiff, by her action, claims the whole. In so far as the order requires the receiver to pay over money belonging to Galster, it seems to be wholly unauthorized. (*Schrauth* v. *Dry Dock Savings Bank*, 86 N. Y., 390.)

2. But the receiver treated the order of the county judge as an adjudication that the whole sum belonged to the husband, and the bank acquiesced in that view of the matter, by voluntarily paying the whole of it to the receiver, under the order. That order was not made in this action. The receiver appointed under it represented the parties to the action in which the order was made, *i. e.*, Galster, the judgment-debtor, and Hess, his creditor. How can this court, or any other, compel the receiver to pay over the money in an action to which neither the receiver, Galster, or Hess is a party? Suppose that before the supplementary proceedings were instituted the bank had paid the whole of it to Galster on his check, would the court, on motion of the bank, in a suit begun against it by Mrs. Galster, to recover the money as hers, order Galster to restore it to the bank? Or, if Galster had paid it to Hess on his judgment, could Hess be required, on like motion, to pay it to the bank? Manifestly not. But the receiver has the same right to the money that Galster and Hess respectively would have in the cases supposed. And when it is said that the receiver holds the money subject to the order of the court, what is meant is, that he is subject to that court by whose order he was appointed, and which has jurisdiction of the fund, and that court can only dispose of the fund in the action in which its jurisdiction was acquired, or if in another action, the parties to the original action must be brought in.

3. This brings us to another difficulty in the defendant's way, which is, that the motion papers do not show in what court the judgment in *Hess* v. *Galster* was obtained, or out of what court the execution thereon was issued, and consequently they fail to show

that this court has jurisdiction of the fund or the receiver. (Code, § 2471.)

4. The receiver having come into the possession of the fund lawfully and in the discharge of his duty, was entitled to retain out of it his commissions, and also his expenses if any, it not appearing that there was any other money in his hands applicable to their payment. The order directing him to pay over the entire fund, without authorizing him to deduct his commissions and expenses, or in any way providing for their payment, was unjust to him.

The courts have frequently ordered property or money in the hands of a receiver to be paid over to a third person claiming it, on motion, but in all those cases the application of the claimant was made in the same action as that in which the receiver was appointed, on notice to all parties to the action interested in the subject-matter of the motion. No case can be found in which, after the title to property has become vested in a receiver by virtue of the order appointing him, the court has divested him of it by an order made in an action or proceeding to which he was not a party.

The embarrassment of which the defendant complains was caused by its own action in treating the entire fund as the property of Galster, and paying it over to the receiver of Galster's property without objection. It says that in so doing it acted under a mistake. But what mistake? Certainly not a mistake of facts, for no fact is disclosed in the appeal book bearing upon the question of the title to the money, which was not known to the bank when the money was paid to the receiver. Nor does it yet appear but that the money rightfully belonged to the receiver, there being no evidence that, as between Galster and his wife, she, in fact, owned a dollar of it.

The portion of the order appealed from should be reversed, with ten dollars costs of appeal, and disbursements to be paid by the defendant herein to the receiver.

HARDIN, J., and BARKER, J., concurred.

So ordered.