CLARENCE F. SWART, Appellant, v. THE CENTRAL TRUST
COMPANY, Respondents.

*Supreme Court, First Department, General Term, November 7, 1889.*

1. *Mortgage. Surplus moneys.*—An action cannot be maintained against
   a trust corporation, with whom surplus moneys in a foreclosure action
   have been deposited by the chamberlain of the city of New York,
   even by a person entitled to them, after they have been paid out by it,
   on a duly countersigned order of the court, to the wrong party.
2. *Same.*—The proper remedy of the owner is to apply for an order staying
   the proposed payment by the company.

Appeal from a judgment recovered on trial at the special
term.

*Edward C. Perkins*, for appellant.

*James C. Colgate*, for respondent.

DANIELS, J.—The suit was commenced and prosecuted
by the plaintiff as the assignee of a creditor who had re-
covered a judgment against Emily B. Oakley and Angeline
Thompson in the city court of the city and county of New
York. An execution had been issued upon this judgment
and returned wholly unsatisfied. And the object of the
action was to obtain the appropriation of moneys to the pay-
ment of the judgment which had arisen out of the fore-
closure of a mortgage and sale of lands belonging to Emily
B. Oakley, one of the judgment debtors, and which was on
deposit with the defendant, The Central Trust Company.
This land had been conveyed by her in 1883 to Daniel
Thompson and Angeline Thompson. That deed was alleged
to have been fraudulent and void as to the judgment credi-
tors of the grantor, and it was so held upon proof maintain-
ing that fact upon the trial of this action.

Prior to the conveyance of the land Emily B. Oakley executed the mortgage which had been foreclosed, and under the judgment in that action the premises had been sold. A surplus remained after the payment of the amount due upon the mortgage. This surplus, pursuant to the rules and practice of the court, had been paid over to the chamberlain of the city of New York and by him deposited with the Central Trust Company. This had been done pursuant to the directions contained in rules 61 and 68 of the general rules of practice. While the money was on deposit in this manner, and pursuant to an order of the court, so much of it was paid out by the trust company as satisfied the claims of Daniel and Angeline Thompson, leaving a residue amounting to the sum of $568.54, out of which the plaintiff claimed the judgment assigned to him should be satisfied. This action to obtain that object was commenced on the 25th of November, 1887, and the summons and complaint served upon the trust company. And on the 30th of November, 1887, an order was made at a special term of this court in the foreclosure action, directing the moneys on deposit with the trust company to be paid over to the persons for whose benefit the deposit was made. A copy of the order directing that payment to be made, countersigned as rule 70 of the general rules of practice required it to be, was served upon the Central Trust Company. And pursuant to that order the money was paid over to the attorneys for those parties on the 3d of December, 1887.

According to the disposition which was made of the controversy concerning the title to the land, the plaintiff, as a judgment creditor, was entitled to have that judgment paid out of these moneys in preference to the children of Daniel and Angeline Thompson, whose attorney received it. But neither that preference, nor the effect of the judgment creditor's action, entitled the plaintiff to maintain this suit against the trust company, for the money was in its possession only as the designated depository of the court.

It had been received in court as the result of legal proceeding regularly producing it, and it had been placed under its authority in the possession of the trust company, to be disposed of by its subsequent order. The company was bound to conform its conduct to the order which the court should make. And it did so by the payment which was made of this money. And the fact that the plaintiff, by his summons and complaint served upon the company, made an adverse claim to the money, in no way prevented that disposition of it. What should have been done, to prevent the money from being paid out in this manner under the order of the court, was an application on behalf of the plaintiff for an order staying proceedings for the payment of this money by the trust company. And such an order would no doubt have been made, if the plaintiff had applied for it. And he had an abundant opportunity to make that application. For he was informed by Mr. Hyde, the second vice-president of the company, that the money was on deposit, and that it would be paid over whenever an order was made directing that to be done. Mr. Hyde also promised to inform the plaintiff when the order should be served. And he was so informed of service of the order when he, himself, called afterwards at the office of the company. He then desired delay in the payment of the money. But that was declined, for the reason that the company was bound to comply with the terms of the order. The failure to retain the fund in such a condition as would leave it available to the plaintiff's action was owing to his omission to act when the opportunity for that purpose was presented to him.

The case of Schrauth *v.* Dry Dock Savings Bank, 86 N. Y. 390, does not support this action. For there the money was paid out by the bank under an entirely different order. It was not in court subject to its special direction, as the money now in controversy was, and its payment was accordingly not protected by the order which had been obtained without notice to the party afterwards contesting the

legality of the payment. While in the present case the money was in the possession of the trust company by the direction of the court to be paid out precisely as it was paid when the attorney acting for the parties afterwards received it.

And that, under the case of People v. Randall, 73 N. Y. 416, was a protection to the company. As to a payment made in that case under the order of the court by the chamberlain, it was held that he was entitled to protection. And the same principle which will protect the chamberlain for the payment of money under these circumstances will protect the company holding it, as this money was held, subject to the order of the court. The failure of the plaintiff results from his own inaction. And for that the trust company in no sense became liable.

The judgment should be affirmed, with costs.

VAN BRUNT, P. J., and BRADY, J., concur.