WILLIAM P. WILLIS et al., *v.* AURELIUS S. SHARP, as Executor, etc., THOMAS J. RICH, JR., as Receiver, etc., Appellant.

SAME *v.* SAME.

The rule that where a series of orders appointing receivers of the property of a debtor have been granted, if an earlier order becomes inoperative for any cause, the advantage of priority falls to those remaining in the order in which they were made, does not apply to a trust fund or to the estate of a deceased person, the disposition or distribution of which, when the rights of creditors are involved, is governed by law.

Where a receiver, appointed in an action, has paid out the fund in his hands in good faith and in obedience to orders of the court to parties not entitled thereto, he cannot be compelled to make restitution.

The will of S., after providing for the payment of debts, etc., gave all her estate to her executors, in trust for her son, with directions that they carry on some business for his benefit. One of the executors alone qualified, who continued to carry on a business in which the testatrix had been engaged. In so doing he incurred debts to plaintiffs for goods purchased. In an action brought by them against the executor, as such, a judgment was recovered, which the defendant was directed to pay out of the funds in his hands; which judgment was affirmed by this court (113 N. Y. 586). Pending the appeal to it an order was made appointing R. as receiver and directing defendant to transfer to him all the property of the estate in his hands; also directing said receiver to pay to plaintiffs the amount of said judgment, with interest and costs, and to hold the balance subject to the order of the court. Subsequently plaintiffs recovered another judgment, and by order the receivership was extended to the second action. C. thereafter recovered a judgment against defendant, as executor, whereby, after reciting the

appointment of R. as receiver in the two former actions, it was adjudged that he, " after satisfying the obligations of the said prior receiverships," pay to C. the amount of his judgment. Pending an appeal from the order in plaintiffs' first action, orders were granted directing R. to pay out of the fund the amount of the second judgment; to retain sufficient to pay the first judgment during the pendency of the appeal therefrom, and to pay the balance on C.'s judgment. Which order R. complied with. The order in the first action was reversed (115 N. Y. 396), and thereupon R., paid to C. the balance in his hands, less his commissions and expenses. Subsequently, on motion of defendant, whereupon it appeared that S. was indebted, at the time of her death, to an amount largely exceeding the fund delivered to R., he was ordered to pay defendant the amount of the plaintiffs' first judgment, with interest from its date, and plaintiffs were ordered to refund to him the amount of their second judgment so paid to them, and the amount retained by the receiver for commissions, etc. *Held,* that while R. was protected so far as the payments were made by him pursuant to the orders, he had no specific directions to pay out the amount he had been directed to retain pending the appeal, as the direction in the order appointing him was defeated by its reversal; that the reversal did not authorize him to pay on the C. judgment the amount so retained, but he held it simply subject to the direction of the court; that while plaintiffs' judgments established their claims against the estate, they had no right to appropriate to their payment the estate of the testatrix to the exclusion of her creditors; that the sum they were entitled to was dependent upon a distribution to be made by the surrogate; that defendant was so far the representative of the creditors of the estate, that he could, and it was his duty to take steps to have the fund restored to him with a view to its proper distribution; that the receiver was properly directed to pay over the amount of the first judgment so retained by him, but was not chargeable with interest, save from the time he made the payment therefrom to C.; that plaintiffs were not entitled to apply upon their second judgment the money paid to them by the receiver, and were properly required to refund it, but were not required to pay to defendant the commissions, etc., of the receiver, as they were included in the sum which the receiver was directed to restore to plaintiffs.

(Argued February 23, 1891; decided March 10, 1891.)

APPEALS from an order of the General Term of the Supreme Court in the second judicial department, made December 8, 1890, which affirmed an order of Special Term, the substance of which is hereinafter stated.

Fida C. Sharp, the defendant's testatrix, by her will, which was admitted to probate in April, 1885, expressed her wish and

direction that some legitimate business be carried on by the executors for the benefit of her son, and that her husband be the manager of it at a salary of $1,500 per year. One of the persons nominated in the will as executor renounced, and letters testamentary were issued to the defendant alone, who was husband of the testatrix at the time of her death. He thereafter carried on the merchant tailoring business, and in doing so incurred liability to the plaintiffs for goods purchased. They brought the action first above entitled against him as executor, and in June, 1886, recovered judgment for debt and costs, $1,393.42, and by it the defendant was directed to pay the judgment out of the funds and property of the estate of his testatrix. This judgment was affirmed (113 N. Y. 586). During the pendency of the appeal from the affirmance by the General Term of that judgment, and July 2, 1887, on motion of plaintiffs, an order was made by the Special Term appointing Thomas J. Ritch, Jr., receiver of the estate of the testatrix, and by it the defendant was directed to transfer to the receiver all the money credits and property of the estate ; and it was ordered that out of the money the receiver pay to the plaintiffs or their attorney the amount of the judgment before mentioned, and that for costs entered on affirmance by the General Term, with interest from its date and ten dollars costs of the motion, and hold the balance of the money subject to the further order of the court. Pursuant to that order the defendant handed over to the receiver the entire fund of the estate, amounting to $2,295,80. The plaintiffs on May 4, 1887, recovered another judgment in the action second above entitled against the defendant as executor for $417.75, and on July 16, 1887, on motion of the plaintiffs an order was made by the Special Term appointing the same Mr. Ritch receiver in that action No. 2 of the estate of defendant's testatrix, and ordering the receivership in action No. 1 to be extended to the other; and that upon the performance of his duties under the prior appointment, the receiver pay the plaintiffs the amount of the judgment in action No. 2, with interest from its date and ten dollars costs of motion, and

hold balance of the fund subject to the further order of the court. In February, 1888, John D. Cutter and another recovered a judgment against the defendant as executor of upwards of $1,500, whereby, after reciting that Ritch had been so appointed in the two former actions, it was adjudged that the receiver, " after satisfying the obligations of said prior receiverships, pay to the plaintiffs, or to their attorney in this action, the amount of the judgment  *  *  *  with interest from its date." The defendant appealed from the order made in action No. 1, and it was reversed October 8, 1889 (115 N. Y. 396). In the meantime and in June, 1888, an order was made on plaintiff's motion directing the receiver to pay out of such fund to the plaintiffs the amount of the judgment in action No. 2, with interest and motion costs. And on the same day an order was made directing him to pay on the Cutter judgment to its extent after paying judgment and costs in action No. 2, and further directing the receiver to retain in his hands during the pendency of the appeal to the Court of Appeals from the judgment in action No. 1, the amount of the pricipal sum of that judgment; and that he should not during that time pay such amount so directed to be retained to the plaintiffs in the latter judgment. On September 5, 1888, the receiver paid to the plaintiffs' attorney $494.17 on account of judgment and costs in action No. 2; and on the same day he paid to the plaintiffs' attorney on account of the Cutter judgment, $408.21. The sum of these two payments was all of the funds in his hands, except the amount he was so directed to retain. Afterwards and on the day the order in action No. 1 was reversed by the Court of Appeals (October 8, 1889), he paid to plaintiffs on the Cutter judgment the balance remaining in his hands, less $229.75 retained for his expenses and commissions as receiver.

By the order made August 8, 1890, and which is the subject of this review, it was ordered that the receiver pay to the defendant, or his attorney, the amount of the first judgment in action No. 1 ($1,893.42), and that for costs on its affirmance by General Term ($76), and interest on both of them from the

time of their entry respectively; and that the plaintiffs pay to
the defendant, or his attorney, the amount of the judgment in
action No. 2 ($417.75), with interest from its date of entry,
and the sum of $229.75 commissions and expenses of the
receivership with interest from September 5, 1888, and ten
dollars costs of the motion. The receiver and the plaintiffs
respectively appealed from this order to the General Term,
and on its affirmance they in like manner appealed to this
court.

*Walter S. Logan* for appellant. That section of the Code
of Civil Procedure providing for an order of restitution, where
a judgment or order has been reversed or set aside, does not
justify the order in this case. (Code Civ. Pro. §§ 1292, 1323.)

*Alexander V. Campbell* for respondents.

BRADLEY, J. The receiver claims that he paid out the fund
in good faith and in obedience to orders directing him to do
so. If that contention is sustained by the facts, the claim as
against him for restitution cannot be supported. He received
the fund pursuant to the order made in action No. 1 appoint-
ing him as such, and directing the defendant to hand it over
to him, and he made the payments of September 5, 1888, of
$494.17 on account of plaintiffs' judgment in action No. 2,
and $408.21 on the Cutter judgment in obedience to the direc-
tion in orders of the court, and by them he was protected in so
doing. But the amount which he was directed to retain dur-
ing the pendency of the appeal from the judgment in action
No. 1, he had no specific direction to pay out except that
given by the first order to pay it on the last-mentioned judg-
ment; and the purpose of that direction was defeated when
such order was reversed by the Court of Appeals. It is, how-
ever, urged that on such reversal the adjudication in the
Cutter judgment and the order to make payment upon it
remained effectual and opened the way for the payment of the
balance in his hands upon that judgment, but it may be

observed that the adjudication there was that the receiver pay the judgment "after satisfying the obligations of the prior receiverships," and that the order directed him to retain the amount of the principal of the first judgment during the pendency of the appeal from it to the Court of Appeals; and it evidently was contemplated that in case it was affirmed, such amount might become applicable to payment upon it. There was never any direction to otherwise pay it out. That judgment was affirmed, and as such remained effectual; and afterwards on reversal of the order he held the balance so retained subject to direction of the court, but without applying to the court for further instructions he paid it on the Cutter judgment. In this the receiver was justified if the plaintiffs in that judgment were entitled to it. It is insisted they were, because their judgment declaring their right to payment out of the funds of the estate, and the order before mentioned recognizing such right remained undisturbed. This judgment as well as those preceding it established the claims of the plaintiffs as against the estate, and were charges upon it to the extent which the law would enable them to enforce them and obtain satisfaction. It appeared in the papers upon which the order under review was made, that there were creditors of the testatrix having unpaid claims amounting to ten thousand dollars. These judgment creditors, whose debts were created subsequently to her death, had no right in exclusion of her creditors to appropriate to the payment of their claims the entire amount of the estate of the testatrix, and how much of the fund they could eventually receive was dependent upon the distribution which the surrogate should direct after opportunity given to the creditors of the decedent to be heard. This was held in *Willis* v. *Sharp* (115 N. Y. 396), upon reversal of the order. No greater right than that was established by the judgments or derivable from the orders. And the fact that the Cutter judgment and the orders in that case and in action No. 2 remained unreversed, was not in the way of inquiry by the court into the situation and its determination that they were not entitled to the money. They had an

absolute right to seek and obtain preference as against him
personally, who was executor, for debts created by him after
the death of his testatrix, but the fund belonging to her estate
was held by him for all the creditors whose claims were prop-
erly chargeable upon it ; and those parties had no right to
make available to themselves a preference in the manner they
sought to assert it. These views do not proceed upon the
ground that the reversal of the order in the first action had
any effect upon the existence of the judgment and order in
the Cutter case or of the order in the second action. The
question differs in that respect from that which would exist in
case of a series of orders appointing receivers of the property
of a debtor in behalf of his creditors. Then if the earlier
orders became inoperative for any cause, the advantage of
priority might fall on those remaining in the order of time
which they are made. But that rule is not applicable to a
trust fund, or the estate of a deceased person, the disposition
or distribution of which, when the rights of creditors are
involved, is governed by law, which the trustee cannot effect-
ually disregard. While the executor could not afford any
right to these parties by his consent, he was so far the repre-
sentative of the creditors that he could take steps to restore
the fund to its proper depository, and it was his duty to do so,
with a view to its distribution through the action of the tri-
bunal having jurisdiction of the subject of the administration
of the personal estate of deceased persons ; and whatever
rights the plaintiffs in those judgments have in the fund must
be ascertained and taken through the exercise of that jurisdic-
tion. It follows that they had no legal right to appropriate
the fund in question through the receivership sought to be
created ; and that the receiver was, no further than he was by
orders of the court directed to do so, justified in paying over
to them the moneys which came to his hands. No satisfactory
reason appears for charging him with interest upon the
$1,393.42 from the time of entry of the judgment for that
amount, or with the costs of the General Term, as he had the
direction of the court to pay over the entire fund in his hands

except the sum last mentioned. The conclusion also follows that the plaintiffs were not entitled to the money paid to them by the receiver. While the order permitted them to receive the money, the court properly determined that it established no right to its appropriation by them to the payment of the judgment. It is suggested by their counsel that the motion and order under review were made in action No. 1 only, and, therefore, restitution of money received in No. 2 could not. properly be directed in the order. The general rule goes in support of that contention, but in the present case the parties and their attorneys are the same in both actions, and all the facts are presented by the depositions and papers upon which the motion was heard. It does not appear that any such question was raised in the court below, and under such circumstances the objection now taken is not available. But we see no reason why the plaintiffs should be required to pay to the defendant the commissions and expenses of the receiver. The money retained by the receiver pursuant to the order of the court until he made the last payment to the plaintiffs in the Cutter judgment, embraced the amount of those commissions and expenses, and they were included in the sum which he is. directed to restore to the defendant.

The order as against the receiver should be so modified as to require him to pay only $1,393.42 and interest thereon from October 8, 1889. And as against the plaintiffs, it should be so modified as to order them to pay only the sum of $494.17 and interest thereon from September 5, 1888, and as so modified the order as to such parties respectively should be affirmed.

All concur.

Ordered accordingly.