### PEOPLE v. FAMILY FUND SOC.

Appeal of SHORB et al.

(Supreme Court, Appellate Division, First Department. June 28, 1898.)

1. CO-OPERATIVE INSURANCE—SAFETY FUND—APPLICATION.
    If, under the constitution and by-laws of a co-operative nonfraternal insurance company, the "safety fund" is available for death claims only in case of an actual transfer therefrom to the "mortuary fund" by express direction of the board of trustees, the only persons entitled to share in its distribution after the company has been dissolved, and where there has been no such transfer, are the persistent living members.

2. RECEIVERS—PAYMENTS UNDER ORDERS OF COURT.
    The general rule that a party who pays money under an order of court is thereby protected is not applicable to a receiver who, instead of remaining neutral as between two parties, whose interests he should protect, espouses the cause of one against the other, and petitions the court for leave to pay the former, and avoids giving to the latter notice of his application, or an opportunity to be heard thereon.

Appeal from special term, New York county.
Action by the people against the Family Fund Society, in which

Francis V. S. Oliver was appointed receiver. Appeal by Eugene H. Shorb and others from an order entered June 1, 1897, denying motion to vacate order entered May 29, 1894, and from an order entered June 21, 1897, denying motion to resettle such order. Orders reversed.

The defendant Family Fund Society was a co-operative or assessment insurance company, organized in 1884, under chapter 175 of the Laws of 1883. By decree entered October 18, 1891, it was dissolved, and the respondent Francis V. S. Oliver appointed receiver. In pursuance of an order made October 28, 1893, there was transferred to him a fund of $25,000, formerly in the possession of the superintendent of insurance. The receiver thereupon published notice requiring all persons interested in the fund to present claims; and the attorney for the appellants, Mr. Moses, served a notice setting forth the policies under which the appellants claimed, and demanding notice of all proceedings. In March, 1894, the receiver, without giving such notice, moved that he be allowed to pay out of the fund of $25,000, a dividend on account of certain uncontested claims presented to him. These claims were in favor of beneficiaries under policies which had matured by the death of the assured, and had been assigned to one Ross. A referee, to whom the matter was referred, reported that $17,000 might properly be paid. An order was entered accordingly, and payment to Ross was made thereunder. In August, 1894, on learning of these proceedings, Mr. Moses moved to set aside this order. Upon this motion an order was made directing that the matters embraced in the application be sent back to the referee for further consideration, upon notice to Mr. Moses. At the ensuing reference Ross was represented by attorney. The referee reported that the fund belonged, and should be paid, not to the death claimants, whom Ross represented, but to the persistent living members of the society in good standing at the time that its business was suspended. The receiver filed exceptions to this report. Mr. Moses thereupon, on April 7, 1897, gave notice of motion to the attorney general, the receiver, and the attorney for Ross, based on the original notice of motion and all subsequent papers and proceedings, that the report be confirmed, and the order of May 29, 1894, vacated; that Ross restore the fund; and that the receiver deposit it with a trust company. Ross filed an affidavit alleging that he was not a party to the proceeding. Upon this motion the order of June 1, 1897, was made. It recites the original motion of August, 1894, and denies it. It recites the report of the referee and the exceptions, but not the affidavit of Ross, or the notice of motion of April, 1897. A motion was made to resettle the order by including these papers, which was denied by the order of June 21, 1897.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Raphael J. Moses, for appellants.
Ernest Hall, for respondent.

BARRETT, J. It seems to us quite clear that the original motion should have been granted. We agree that it is desirable that the determination of all questions in cases like the present should be postponed until the final accounting. The receiver should, in the first instance, be required to give an adequate bond, and the court should not be troubled by a host of intermediate applications challenging his acts. Hence it would doubtless have been proper for the court at special term, when first applied to, to have merely vacated the order of May 29, 1894, on the ground that it was granted ex parte, or possibly to have allowed it to stand as against those only who had received notice of the application therefor. The court, however, acted upon the theory that the appellants' rights were

doubtful, and that they might not have been prejudiced, as matter of fact, by the omission to give them notice of the application for leave to pay the money to the death claimants. To ascertain the facts upon this head, and to enable the court to adjudicate advisedly upon the question whether the appellants were really prejudiced by the order, the reference was directed. Thus the issue as to the rights of these persistent members was opened and litigated, and it is now too late to postpone its consideration. Upon the merits, we quite agree with the learned referee that the fund belonged to the persistent members, and not to the death claimants. We think this is settled by the Mutual Reserve Fund Life Association (In re Equitable Reserve Fund Life Ass'n, 131 N. Y. 372, 30 N. E. 114), the Life Union (People v. Life Union, 83 Hun, 598, 31 N. Y. Supp. 1120, affirmed in 145 N. Y. 606, 40 N. E. 164), and the Mutual Benefit (Farmers' Loan & Trust Co. v. Aberle, 19 App. Div. 79, 46 N. Y. Supp. 10) Cases. We need add nothing to the detailed reasons given by the referee. The court below, however, denied the motion upon the ground that, whatever the original rights of the respective claimants, the receiver could not be compelled to restore this money, for the reason that he had paid it out under an order of the court. This general rule, however, does not apply here. It was said in People v. Security Life Insurance & Annuity Co., 79 N. Y. 267, 271, that a receiver "is not to advocate the cause of one claimant as against another. Between them he is indifferent, owing a like duty to all, and for that very reason should, as far as possible, see to it that each has an equal opportunity to enforce his claim." The receiver here violated the duty thus enjoined. Instead of remaining neutral, he espoused the cause of the death claimants against the persistent members, petitioned the court for leave to pay the former, and sedulously avoided giving the latter notice of his application, or an opportunity to be heard thereon. An order thus obtained and acted upon cannot be a protection to him. This case differs essentially from Willis v. Sharp, 124 N. Y. 406, 26 N. E. 974, and other cases, where the receiver has been held to be protected. See People v. Randall, 73 N. Y. 416; Swart v. Trust Co. (Sup.) 7 N. Y. Supp. 558. In these cases the receiver did not take the initiative, but merely obeyed an order duly procured by another; and in the Morris Case it was especially observed that the payor "had nothing to do with its procurement, and was in no way responsible for the manner in which it was procured." The absolute rule contended for by the respondent, if applied in a case like the present, would remit the appellants solely to recourse against the payee. If the latter should prove irresponsible, they would then be wholly remediless, and would thus be deprived of their money, without ever having had an opportunity to establish their right to it. It is well settled that a party is not protected simply because he pays under an order of the court. Schrauth v. Bank, 86 N. Y. 390. He cannot thus deprive the true owner of his rights when he has notice of them. The rule exempting a receiver or other depositary of money from liability for a payment made under an order or decree has never been applied as against the real party in interest, where such party was not bound by the order

or decree, and the payor had notice of his rights. In the Willis Case the interested parties were the general creditors of an estate, the executor of which was the party ordered to make the payment. In the Morris and Swart Cases, the payment directed was of a fund in court, and subject to its jurisdiction, and the order directing it was made in the due and ordinary course of procedure. In the Morris Case the chamberlain had no notice of the rights of the relators; and in the Swart Case the plaintiff had full notice that the payment was about to be made, and opportunity to intervene, and prevent the making of the order, or to obtain a stay until it could be reversed upon appeal. It cannot be said here that the respondent, in making the application and payment, represented the appellants. Generally, he may be said to represent all the creditors; but, as we have seen, facts here show that he did not fulfill his duty in that regard, but really represented and acted for the death claimants alone. Without at all questioning or impairing the general rule, we think it clear that as against these appellants the receiver here is not protected by the order which he obtained, so far as they were concerned, ex parte, and in violation of their rights. The order of May 29, 1894, should therefore be vacated, and the receiver ordered to restore the sum wrongfully paid to Ross, or at least so much of it as will fully pay these appellants what they are entitled to receive.

As to the relief sought against Ross, it is enough to say that no such relief was asked upon the original motion of August, 1894. As already intimated, we think that this original motion was the one finally brought on in April, 1897, and that on the latter date the court simply disposed of the original motion, with the additional light afforded by the investigation and report of the referee. This was evidently the view of the appellants' counsel, since his proposed order of resettlement recited that the original motion was finally brought on upon the later notice. The proceeding under review was instituted by the original notice of motion, and the appellants' rights must be governed thereby.

The motion for resettlement should have been granted. The papers omitted—the affidavit of Ross, and the notice of motion of April, 1897—were used upon the motion, and should have been recited in the order, as provided by rule 41. Whether or not the appellants were able to successfully claim additional relief by reason of them is immaterial. They had the right to have them included for what they were worth.

The order of June 1, 1897, should, as to these appellants, be reversed, with $10 costs and disbursements, and, as to these appellants, the motion of August 23, 1894, granted, with $10 costs. The order of June 21, 1897, as to these appellants, should be reversed, with $10 costs and disbursements, and, as to these appellants, the motion granted, with $10 costs. All concur.