## BREIN v. LIGHT.

(Supreme Court, Appellate Term.   March, 1902.)

1. RECEIVERS — CLAIM TO FUNDS BY THIRD PERSONS — DETERMINATION BY MOTION.

Where a receiver appointed in proceedings supplemental to execution obtains money in his official capacity, the claim of a third party to the fund can be determined by the court on special motion.

2. SAME—SUFFICIENCY OF MOTION—SHOWING JURISDICTION OF COURT.

On application of a third person claiming a fund in the possession of a receiver, appointed in a proceeding supplemental to execution, it cannot be claimed that the motion fails to show any jurisdiction of the city court over the moneys because nothing appears showing out of what court the execution issued, where the order appointing the receiver and made part of the motion is entitled, "City Court, City of New York," and recites, "In proceedings before return of execution herein."

3. SAME—NOTICE TO JUDGMENT CREDITORS.

Where a claimant of funds in possession of a receiver appointed in proceedings supplemental to execution seeks by motion to compel a payment thereof to him, the judgment creditor need not have notice of the motion.

Appeal from city court of New York, general term.

Action by Charles Brein against Max Light.   From an order (72 N. Y. Supp. 655) affirming an order of special term of the city court directing Mark Jacobs, a receiver appointed in proceedings supplementary to execution, to pay over to Abraham Eisenbud the sum of $158, he appeals.   Affirmed.

Argued before FREEDMAN, P. J., and GIEGERICH and GREENBAUM, JJ.

Leon Sanders (J. Brownson Ker, of counsel), for appellant.
Louis Levy, for respondent.

FREEDMAN, P. J.   By an order made in supplementary proceedings in this action, Mark Jacobs was, on the 22d day of May, 1900, appointed receiver of the property, debts, equitable interests, rights, and things in action, effects real and personal, of the defendant judgment debtor, Max Light.   Jacobs duly qualified as such receiver, and subsequently, and between May 24 and May 27, 1900, became possessed of a certain sum of money, claimed by the respondent herein to amount to the sum of $158, and admitted by Jacobs to have been at least the sum of $131.60.   After the receipt of this money by the receiver, one Eisenbud, the respondent herein, made a motion in special term of the city court for an order compelling the receiver to pay the money to him, upon the ground that the same had been obtained from him (Eisenbud) by duress.   This motion was granted, the order made thereon subsequently affirmed by the general term of the city court, and from that affirmance this appeal comes up.

Under what circumstances this fund came into the hands of Jacobs it is impossible to truly determine by a reading of the very conflicting affidavits used upon the motion.   The respondent claims, in substance, that he was the owner and in possession of a restaurant and business at No. 1949 Third avenue, in this city, prior to May 24,

1900; that he purchased the same of Max Light, the judgment debtor herein, on April 14, 1900; that Jacobs, the receiver, on said 24th day of May, 1900, entered the premises, and took forcible possession of the business, conducted the same for upwards of one day and a half, and collected from customers the sum of $48; and that finally, upon threats made by Jacobs to close the restaurant and to ruin the business unless he (respondent) would pay him (Jacobs) the balance due on the judgment in this action, to wit, the sum of $110, such sum was paid by respondent to Jacobs. These statements are denied by Jacobs, and are characterized by him as absolutely false and untrue, and the receiver presents a statement to the court which, if true, would fully justify his actions in the premises, and show that the money received by him was the property of the judgment debtor, or a voluntary payment made by Eisenbud. The statements made by each party are supported by and corroborated by affidavits of others, and upon the question of fact thus presented in the motion papers the court found in favor of Eisenbud, the respondent. Upon a careful consideration of the whole case, no sufficient reason appears for disturbing such finding.

That the money so obtained by Jacobs was received by him in his official capacity there can be no question. He was acting as such receiver, and not as an individual. He received the funds as an officer of the court, and the money in his hands was in custodia legis, for whoever could make title to it. Hunt v. Wolfe, 2 Daly, 303. The court itself has the care of the property in dispute, and the receiver is but its creature, and therefore an officer of the court. Corey v. Long, 43 How. Prac. 498; Brown v. Northrup, 15 Abb. Prac. (N. S.) 335.

That the claim of a third party to the fund can be determined by the court upon motion is clear. In most cases of claims against a receiver or the fund or property in his hands, the remedy by special motion is adequate, and a person having such a claim may resort to the remedy. The fund or property being held by the court, by its receiver, the court may administer justice to claimants without suit, upon special application. De Groot v. Jay, 30 Barb. 483; Guardian Sav. Inst. v. Bowling Green Sav. Bank, 65 Barb. 275. See, also, Riggs v. Whitney, 15 Abb. Prac. 388; Noe v. Gibson, 7 Paige, 513; Forstman v. Schulting, 108 N. Y. 112, 15 N. E. 366. The facts in the case of Parker v. Browning, 8 Paige, 388, 35 Am. Dec. 717, were somewhat similar to those in the case at bar. In the former case one Willard was the receiver of the property of Browning. Upon the petition of Lester, Holmes & Co., an order was granted authorizing them to bring an action against the receiver, and those acting under him, "for an alleged trespass in forcibly entering a store, which the petitioners claimed to belong to them, and to be in their possession, and taking the goods therein, and retaining them until they paid into court in this case the sum of $1,000 to abide the further order of the court." The chancellor said:

"There is certainly room for doubt in this case whether the defendant Browning had not some interest in the store of goods. * * * Where * * * the complaint is made against the misconduct of the officer, acting

under color of authority merely, this court may, in its discretion, either take to itself the cognizance of the complaint and do justice between its officers and the parties aggrieved, or it may permit the latter to bring a suit at law."

The case of Galster v. Bank, 29 Hun, 594, cited by the appellant herein, is easily distinguishable from the case at bar. The application there made by the bank to compel the receiver to pay over the funds in his hands was not made in the action in which the receiver was appointed, but in one brought against the bank by a claimant of the fund, in which action neither the judgment creditor, the judgment debtor, nor the receiver were made parties; but in that case the court recognizes the rule, and says: "The courts have frequently ordered property or money in the hands of a receiver to be paid over to third parties on motion."

Neither is the point made by the appellant herein well taken that the moving papers fail to show any jurisdiction in the city court over the moneys in the hands of the receiver, for the reason that nothing appears therein showing out of what court the execution issued, or in which court the judgment was obtained. The order appointing the receiver, which order is a part of the moving papers, is entitled, "City Court, City of New York," and recites therein that, "In proceedings before return of execution herein." This averment sufficiently indicates the court from which the execution was issued, and the receiver is subject to the direction and control of the court out of which the execution was issued. Code Civ. Proc. § 2471.

Nor was it necessary for the proper determination of the question that the judgment creditor should have had notice of the motion. He had no interest in the fund in question, which could not be ascertained legally and equitably without notice to him, and none of his rights, if any he had therein, were impaired or prejudiced. Payment of the money under the order of the court herein will protect the receiver. Willis v. Sharp, 124 N. Y. 406, 26 N. E. 974.

The facts in the case of People v. Family Fund Soc., 31 App. Div. 169, 52 N. Y. Supp. 867, cited by appellant herein as holding to the contrary, have not the slightest application to the facts in the case at bar. The order must be affirmed. Order of the general term of the city court affirmed, with costs.

Order affirmed, with costs. All concur.