In the Matter of Supplementary Proceedings: NATHANIEL CUT-
RIGHT SMITH, Judgment Creditor, *v.* MEADER PEN CORPORATION,
Judgment Debtor.*

STATE TAX COMMISSION, Appellant; MEYER KRAUSHAAR, Receiver
in Supplementary Proceedings of MEADER PEN CORPORATION,
Respondent.

First Department, November 18, 1938.

* Revg. 169 Misc. 238.

*Robert P. Beyer, Assistant Attorney-General,* of counsel [*John J. Bennett, Jr., Attorney-General*], for the appellant.

*Meyer Kraushaar,* for the receiver-respondent.

CALLAHAN, J. The respondent was appointed receiver in supplementary proceedings of the corporate judgment debtor. He qualified on June 3, 1938. Prior to his appointment certain corporate franchise taxes had become due and payable to the State of New York from the judgment debtor. The taxes were for the years 1936, 1937 and 1938. These taxes had been assessed prior to the receiver's appointment, but no tax warrant had been filed therefor, except that such a warrant for the 1937 taxes was filed on July 12, 1938. Prior to such filing, and on July 7, 1938, the receiver had sold the assets of the debtor at public sale, receiving $2,005 as the proceeds of said sale.

On June 9, 1938, which was prior to the sale, the State Tax Commission notified the receiver of the State's claim for taxes. A representative of the State Tax Commission attended on the sale and publicly announced that the State claimed a lien on the assets of the corporate debtor for the amount of franchise taxes due. The parties stipulate that the amount claimed by the State against the corporate debtor for taxes is the sum of $750, made up of the taxes falling due as follows: $25, January 1, 1937; $225, May 15, 1937; $250, January 15, 1938, and $250, May 15, 1938. It, therefore, appears that all of the taxes were due and payable before the receiver qualified. (Tax Law, §§ 211, 219-c.) The amount in the receiver's hands is more than sufficient to pay all of these taxes.

These taxes are declared by statute to be " a lien and binding upon the real and personal property of the corporation liable to pay the same until the same is paid." (Tax Law, § 219-c.) The lien of the State applies on the date the tax becomes due, though the tax has not been liquidated. (*Engelhardt* v. *Alvino Realty Co.,* 248 N. Y. 374.)

The assessment and liquidation of the taxes merely fixes the amount of the tax debt. It does not change the nature of the lien for the payment of that debt which arises under the statute in advance of the assessment for the years in which the taxes are due. When the debt is so fixed by the liquidation of the tax, no specific property is thereby seized or appropriated to the satisfaction of the debt, or set apart from the general property of the debtor. The tax remains a lien which is not specific, but which gives a right to the State to a payment out of the property of the debtor, if a part thereof is appropriated and set apart for that purpose. (*Matter of*

*Lincoln Chair & Novelty Co.*, 274 N. Y. 353.) Where no warrant has been filed, and no specific property appropriated for payment, the lien of the State is not such that it will prevent the attaching of a superior lien, such as that afforded the United States by Federal statutes. (See U. S. Code, tit. 31, § 191; *New York v. Maclay*, 288 U. S. 290.) We have no claim of such superior lien here. The receiver clearly took the property of the debtor subject to the lien of the State, though that lien was inchoate and not specific. The State's lien has been held paramount to that of prior incumbrances. (*New York Terminal Co. v. Gaus*, 204 N. Y. 512; *Marshall v. New York*, 254 U. S. 380.) It must be held paramount to the claim of a judgment creditor under the present circumstances. Here a fund has been created from which the judgment may be paid, but this fund is *in custodia legis*. (*Marshall v. New York, supra.*)

In addition to its statutory lien, the State, as a sovereign, has a common-law right of priority with respect to the payment of taxes over all other creditors of the taxpayer. (*Central Trust Co. v. New York City & Northern R. R. Co.*, 110 N. Y. 250; *Matter of Carnegie Trust Co.*, 151 App. Div. 606; affd., 206 N. Y. 390.) The State's right of priority extends not only to taxes, but also to debts due to it as a sovereign. (*Matter of Rockaway Paint Centre, Inc.*, 249 App. Div. 66.)

The State's right to priority of payment for these taxes in a proper judicial proceeding is not denied by the receiver. His contention is that the priority can only be asserted in bankruptcy, or in some proceeding for the equitable distribution of the assets of the debtor corporation. He contends that because a receiver in supplementary proceedings is not a general receiver for the benefit of creditors, but takes the debtor's property for the benefit of the creditor for whom he was appointed, the State's right to collect these taxes cannot be asserted in these proceedings.

A receiver in supplementary proceedings takes the property of the debtor subject to all outstanding rights existing against the debtor including any lien for taxes. (High on Receivers [4th ed.], § 138.) In other words, the receiver steps into the shoes of the debtor, and is vested with his property as the arm of the court for the benefit of the creditor. (*Steinert v. Van Aken*, 165 App. Div. 206.) Because the receiver acts for one creditor it does not necessarily follow that the court will decline to recognize the existing lien of the State for franchise taxes, or insist on the extension of the receivership to the claim of the State before it will recognize such a claim. Supplementary proceedings are created by statute to replace the former procedure of filing a creditor's bill in equity. It is the duty of the court to recognize as paramount, and enforce

with promptness and vigor the just claims of the authorities for the prescribed contributions to State and Federal revenue. (*Matter of Tyler*, 149 U. S. 182. See 2 Tardy's Smith on Receivers [2d ed.], p. 1854, § 678.)

It appears from the present record that all of the property of the judgment debtor was sold by the receiver. Under the circumstances, we feel it is the duty of the court to see that the taxes due to the State, and for which the State has a prior lien, are paid before payment even to a vigilant creditor, who has seized the same for the purpose of satisfying his claim.

There is no suggestion in the record that there are any liens or claims which may be superior to that of the State. We can conceive of none, excepting taxes owed to the Federal government. Wage claims, if any existed, would also be afforded a statutory preference, but we need not decide what order of priority they would take for none are asserted. In the absence of a contention that any superior lien exists, we see no necessity for further delaying the right of the State to collect the taxes admittedly due it, nor can we see ground for distinction in the present case between the 1937 taxes for which a warrant has been filed, and those for 1936 and 1938 which had become payable prior to the appointment of a receiver, but for which no warrant has been filed. (*Matter of Ivel Displays, Inc.* [*People* v. *Irving Trust Co.*], 74 F. [2d] 702; *Matter of Century Steel Co.*, 17 id. 78.)

In view of the stipulation that the amount of $750 became due before the appointment of the receiver, that sum should be paid out of the moneys in hand. There appears to be sufficient in the receiver's hands to pay these taxes, in addition to the expenses of preserving the fund.

The order should be reversed, with twenty dollars costs and disbursements, and the motion granted.

MARTIN, P. J., TOWNLEY, UNTERMYER and COHN, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and the motion granted.