In the Matter of BEN A. BALSAM, Judgment Creditor, against KUE PRODUCTS CORPORATION, Judgment Debtor.

City Court of the City of New York, Special Term, New York County, February 8, 1945.

*Louis J. Brecher,* receiver in person.

*Martin Gottlieb* for judgment creditor.

*Nathaniel L. Goldstein, Attorney-General (Conrad A. Johnson* of counsel), for State of New York.

CARLIN, J.   The receiver, appointed in a supplementary proceeding under article 45 of the Civil Practice Act has submitted a final account and moves to settle the account and for a discharge.

It appears that some years ago, in December, 1941, he submitted an intermediate account, which was approved by the court.   He was then allowed to distribute the moneys in his hands and to pay to the judgment creditor, on account of the latter's judgment, the sum of $529.75.   He made another distribution in March, 1942, after a second intermediate accounting, and, pursuant to authorization of the court, he at that time paid to the judgment creditor the further sum of $437.78.   At the present time he has in his possession only $58.70.

The State of New York opposes this application and asks that the receiver be surcharged with unpaid franchise taxes due to it from the judgment debtor, a foreign corporation, for the years 1941, 1942 and 1943, and with a license fee for the privilege of doing business within the State, which became due December 1, 1940; the unpaid franchise taxes total $93.76 and interest, and the unpaid license fee amounts to $116.88.   When the receiver made distribution in December, 1941, and in March, 1942, pursuant to orders of the court, he was unaware that there was any tax or fee owing to the State.   The State Tax Commission filed its claim with the receiver in August, 1943.

Unpaid taxes and license fees owing to the State are entitled to be preferred over the claim of the judgment creditor who

secured the appointment of the receiver. (Tax Law, §§ 211, 219-c; *Smith* v. *Meader Pen Corporation,* 280 N. Y. 554, affg. 255 App. Div. 397; *Engelhardt* v. *Alvino Realty Co.,* 248 N. Y. 374; *Ratner-Stanhope Corporation* v. *Rosen,* 49 N. Y. S. 2d 750, and cases cited in the foregoing decisions.)

"The lien of the State applies on the date the tax becomes due, though the tax has not been liquidated." (*Smith* v. *Meader Pen Corporation,* 255 App. Div. 397, 398, *supra.*) A franchise tax becomes a lien binding upon the real and personal property of the corporation until it is paid, notwithstanding the fact that it has not been fixed and that the amount is subject to computation. (*Matter of Lincoln Chair & Novelty Co.,* 274 N. Y. 353, 358; *Carey* v. *Keith, Inc.,* 250 N. Y. 216; *Engelhardt* v. *Alvino Realty Co., supra.*) The receiver in supplementary proceedings takes the property of the debtor subject to the lien for taxes. Indeed, the State has a right of priority over other creditors, not only with respect to taxes but also as to other indebtedness owing to it, this being its prerogative as sovereign. (*Matter of Carnegie Trust Company,* 206 N. Y. 390.) When the receiver made distribution in December, 1941, the franchise tax for that year was already a lien upon the property; it becomes a lien on January 15th of each year. (*Engelhardt* v. *Alvino Realty Co., supra.*) Similarly the franchise tax for 1942 was due when the receiver in March, 1942, paid over the moneys then in his possession to the judgment creditor.

It seems to me that it would have been better if no payment had been made to the judgment creditor until it was ascertained whether any taxes or indebtedness were owing to the State; this would have been a simple matter to find out. Notice might well have been given to the State before any distribution was made.

I do not now determine the amount which the State was entitled to receive out of each distribution. The question need not be now decided, and it is not decided, but I do not see that the State was entitled to share in moneys paid out in 1941 insofar as any claim for taxes for the year 1942 is concerned; similarly, there seems to be no reason why the State should have participated, with respect to 1943 taxes, in the 1942 distribution.

There is, however, no reason to doubt that the receiver paid out the moneys in good faith. He made the payments pursuant to orders of this court. Therefore, he will not be surcharged with any of the unpaid taxes or license fee. (*Willis et al.* v. *Sharp,* 124 N. Y. 406; *Matter of H. P. S. F. Association,* 129 N. Y. 288; *Platt* v. *N. Y. & Sea Beach Ry. Co.,* 170 N. Y. 451;

*Lesster* v. *Lawyers' Surety Co.,* 50 App. Div. 181.) I am not unfamiliar with *People* v. *Family Fund Society* (31 App. Div. 166), but I think that the facts of the present case make applicable the rule of *Willis et al.* v. *Sharp* (*supra*).

However, it is clear to me that the judgment creditor should be required to restore the funds improperly received by him and belonging to the State of New York. I do not now determine the procedure which the receiver is to follow in securing restoration. He, as an agency of this court, is directed to take appropriate steps to recover the moneys paid by him to the judgment creditor. These moneys before distribution were *in custodia legis,* and are to be returned, so that they may be properly applied. In the meantime the receivership will be held open.

The application of the receiver to be discharged and for other relief is denied with leave to renew after the receiver shall have obtained restitution. If he shall have exhausted all means of accomplishing this result without fully succeeding, he or any other party may then make such application to the court as the facts may warrant.

Order signed.