■ In the Matter of GEORGE RALLIS, INC., Respondent, v. FLOWERS BY TOWERS, INC., Judgment Debtor, SAMUEL NEWFIELD, as Receiver, Respondent, and MARTIN P. CATHERWOOD, as Industrial Commissioner of the State of New York, Appellant.— Order, entered on June 23, 1965, unanimously modified on the law to grant priority to the State of New York to its claim for $336.61 to the funds in the hands of the receiver, and otherwise affirmed, with $30 costs and disbursements to appellant. The State, through the Industrial Commissioner, asserted a priority claim for unemployment insurance taxes unpaid by the judgment debtor. The claim consisted of two items, one of $336.61 for such taxes unpaid by the debtor, and one for $116.09 for such taxes owing by another debtor who made a bulk sale to the judgment debtor. As to the latter, we agree with the disposition made by Special Term. As to the taxes unpaid by the debtor, the State has a priority right despite the reduction to possession by the receiver for the judgment creditor (*Matter of Smith* v. *Meader Pen Corp.*, 255 App. Div. 397, affd. 280 N. Y. 554). Respondent seeks to distinguish the situation where the State has a lien by virtue of specific statute, admitting that in that situation it has a right to priority, with the corollary that in others it has not. On the contrary, the State's right to priority extends to all claims (*Marshall* v. *New York*, 254 U. S. 380, 383). It is only defeated where the lien is inchoate and has not been asserted prior to passage of title by conveyance or lien. The receiver's rights are defined by CPLR 5228. He

has neither title nor a lien (see Third Preliminary Report of Advisory Committee on Practice and Procedure, p. 281 [1959]). There was no impediment to appellant's right of priority. Concur — Valente, J. P., McNally, Eager and Steuer, JJ.