## DE GROOT *vs.* JAY and another.

A receiver is an officer of the court, and by the well settled practice, permission of the court is necessary, to warrant an action against him.

This rule is essential for the protection of receivers against unnecessary and oppressive litigation, and should be carefully maintained.

It is a contempt of the court, to sue a receiver without such permission, and the proceedings in an action brought against him without leave may be stayed, or set aside, on motion or petition.

APPEAL from an order made at a special term, denying a motion on the part of the defendants for a stay of proceedings in the action.

*Charles E. Whitehead,* for the plaintiff.

*E. W. Dodge,* for the appellant.

*By the Court,* T. R. STRONG, J. The defendant Jay is the receiver, appointed by this court, of the Mechanics' Fire Insurance Company, an insolvent corporation; and the other defendant is, under an order of the court, the attorney of said receiver. The plaintiff is a creditor of the company, and has brought this action to have the defendants enjoined from enforcing two judgments, one against him alone, and the other against him and another person, in two foreclosure suits, and to have the judgments set aside, and also for general relief; under which general prayer he asks to have the receiver restrained from applying the funds of the company towards paying a particular claim. The defendants applied to the court at special term, upon petition and other papers, for a stay of proceedings in the action, which was denied, and the case is now before the court on appeal from that order. It does not appear that leave of the court was obtained for bringing the action, and it was assumed on the argument of the appeal that such leave was not applied for or given. The action could not regularly be brought without such leave, and might properly have been set aside or stayed, because it was not

specially authorized by the court. The receiver is an officer of the court, and by the well settled practice, permission of the court was necessary to warrant an action against him. This rule is essential for the protection of receivers against unnecessary and oppressive litigation, and should be carefully maintained. It is a contempt of the court to sue a receiver without such permission. In most cases of claims against a receiver, or the fund or property in his hands, the remedy by special motion is adequate. Any person having such a claim may resort to this summary remedy. . The fund or property being held by the court, by its receiver, in trust for those entitled to it, or to be paid out of it, the court may administer justice to claimants without suit, upon special application. In the present case, all the relief sought, to which the plaintiff is entitled, might be obtained in that mode. And that mode is commended by considerations of economy as well as expedition. The costs of a motion are usually small in comparison with the costs of an action. Looking at the number and history of the litigations commenced by and in behalf of the plaintiff against this receiver, in connection with the other facts pertinent to the motion, we are satisfied that the order applied for by the defendants should have been granted.

It was not made a point by the counsel for the respondent, that the decision denying the relief asked was not reviewable by appeal, but the appeal was dismissed and submitted on its merits only. We do not feel called upon to raise that question.

The result therefore is, that the order appealed from must be reversed, and the motion to stay proceedings granted, without costs.

[NEW YORK GENERAL TERM, December 23, 1859. *Roosevelt, Sutherland* and *T. R. Strong*, Justices.]