Such is not, however, the nature of the application here.

The application is denied without costs.

---

## TAYLOR *a.* BALDWIN.

*Supreme Court, First District; At Chambers, March,* 1862.

ACTION AGAINST RECEIVER BROUGHT WITHOUT LEAVE.—CONVICTION FOR CONTEMPT.

It is a contempt to bring an action against a receiver, without leave of the court which appointed him ; and the proceedings in such an action will be stayed.

On an order to show cause why a party should not be punished for contempt, a conviction may be had, and punishment imposed, without issuing an attachment or filing interrogatories.

Motion by a receiver to punish for contempt the plaintiff who had brought this action against the receiver without leave, and to stay the proceedings in such action.

Judgment was obtained in this action by Thomas T. Taylor and another against Samuel Baldwin, and the judgment-roll filed in the clerk's office of the city and county of New York; and proceedings supplementary to the return of an execution unsatisfied were instituted, and Nelson Smith appointed receiver, April 28, 1860, by a justice of this court, in the city of New York. After his appointment, the receiver instituted a suit to obtain the possession, among other things, of a quantity of jewelry which had belonged to the defendant, and which it was alleged he had transferred to defraud his creditors.

In that suit judgment was rendered in favor of the receiver, under which he came into possession of the jewelry. Subsequently thereto, one George R. Downing, who was not a party to the suit brought by the receiver, claimed that this lot of jewelry belonged to him, and demanded of the receiver, who was in possession, to deliver the same to him. This the receiver declined to do except upon an order of the court. Thereupon Downing made an application to the court in this action, that the jewelry be delivered to him. This application was denied, with liberty to take a reference to ascertain the facts. Downing did not avail himself of the privilege granted by this order, but subsequently, and on December 17, 1861, commenced an action against Nelson Smith (who is the same person appointed receiver) in this court, laying the venue in Kings county, to recover for withholding this lot of jewelry. This action was commenced by summons, without complaint and without leave of court. The receiver now moved to perpetually stay Downing's proceedings in that action, and to punish Downing for contempt.

*Nelson Smith* and *L. J. Goodale*, for the motion.—I. A receiver, from the moment of his appointment, is an officer of the court (*Bennett on Receivers*, 1; *Edwards on Receivers*, 3); appointed to receive and hold the things in controversy for whosoever can make out title to it. (Postman *a.* Mills, 8 *Lon. Jur., N. S.*, 161.) He represents the interests of all concerned. (Idings *a.* Bruen, 4 *Sandf. Ch.*, 417.)

II. The possession of the receiver, being the possession of the court itself, will not be permitted to be disturbed without special leave. (Angel *a.* Smith, 9 *Ves.*, 335; Noe *a.* Gibson, 7 *Paige*,

513; Brooks *a.* Greathead, 1 *Jac. & Walker*, 178; Matter of the N. A. Gutta Percha Co., 17 *How. Pr.*, 549, 553.)

III. Any interference with the receiver is a contempt to the court, on the principle that an interference with the receiver is an interference with the court. (Angel *a.* Smith, 9 *Ves.*, 335; Noe *a.* Gibson, 7 *Paige*, 513; Broad *a.* Wickham, 4 *Sim.*, 511.) To commence an action against a receiver without leave, is an interference and a contempt. (Noe *a.* Gibson, *supra ;* Aston *a.* Heron, 2 *Myl. & Keen*, 390; 2 *Paige*, 422; Matter of Heller, 3 *Ib.*, 199; Matter of Hopper, 5 *Ib.*, 489.)

IV. The court may not only punish the person who commences an action against its receiver without leave, but will restrain the further prosecution of the action. (Aston *a.* Heron, 2 *Myl. & Keen*, 390; Ward *a.* Lawrence, 1 *Jac. & Walker*, 655; Turk *a.* Rundle, 10 *Beav.*, 318.) Where a proceeding is begun which questions the title of the receiver, then the court will undoubtedly restrain the further prosecution of the action. (Aston *a.* Heron, 2 *Myl. & Keen*, 390.) Here the action against the receiver to recover for the property placed in his hands, under the orders of the court, on the ground that he had converted it by holding it pursuant to such orders, directly disputes the title of the receiver, and the court will certainly protect its own officers and restrain the action.

V. Inasmuch as the receiver holds the property in controversy for whoever can make out a title to it, the proper course for a person claiming the property is to apply to the court. (Angel *a.* Smith, 9 *Ves.*, 335; Noe *a.* Gibson, 7 *Paige*, 513, 515; Matter of Heller, 3 *Ib.*, 199.) Downing did apply in this case, and his application was denied, and this is an additional reason why he should be punished, as he appears to have acted wilfully.

VI. The statute allows of two modes of proceeding against a person for contempt to enforce civil remedies: one by an order to show cause, or a notice of motion, as was pursued in this case; and the other by attachment. (2 *Rev. Stat.*, 535, § 5; Albany City Bank *a.* Schermerhorn, 9 *Paige*, 372.)

*Cox & Avery*, opposed.—I. The court has not ordered Smith to take possession, &c., of any *particular* property, only the property of Baldwin, and no notice was given to Downing.

Taylor *a.* Baldwin.

II. Permission to sue is only necessary where the plaintiff is a constituent of the receiver, and wishes to call him to account; not so here. See Angel *a.* Smith (9 *Ves.*, 337), which is a leading case. There, although no leave had been obtained, the action (ejectment) was allowed to proceed. (See, also, 5 *Paige*, 131; 7 *Ib.*, 516.)

III. Leave to sue for a tort has never been held essential. Such a doctrine implies the power to deny and prevent the exercise of the right to sue. This court, in Hubbell *a.* Dana (9 *How. Pr.*, 425), refuses to recognize any such rule.

IV. By setting up his defence of receivership, as an equitable answer, the court can protect all Mr. Smith's equities: there is no presumption that he will be oppressed.

BARNARD, J.—The suit of Downing was commenced by summons, without complaint, and Smith was not described therein as receiver; Smith consequently could not, until after he had appeared and obtained a complaint upon demand made, know that he was sued as receiver; the fact that he has appeared does not, therefore, waive the objection he now raises that he has been sued as receiver, without leave of the court first obtained. Since he became aware that that suit was brought against him as receiver, he has taken no steps therein.

It is necessary that a party desiring to sue a receiver, should first obtain leave of the court that appointed the receiver.

Under the circumstances of this case, the court might possibly have refused such leave, as from the papers used on this motion, it appears that said Downing moved this court for the same relief that he subsequently sought to obtain by his action, and his application was denied.

Motion granted, adjudging said Downing guilty of contempt, and fining him fifty dollars as an indemnity to the receiver for his costs and expenses; and staying said Downing's proceedings in the action commenced by him against the receiver, with leave to said Downing, on payment of said fifty dollars, to move for leave to prosecute his action.