Parker, J.
It has long been the established doctrine of courts of equity that a receiver can neither sue or be sued without first obtaining leave of the court making the appointment.
The object of the rule was and is to protect estates in the hands of receivers from unnecessary and expensive litigations, to preserve it for the equal benefit of those equally interested in its distribution.
Its establishment was the legitimate and necessary result of attempts on the one hand by counsel for receivers to *491 enlarge their fee bill by the parade of a register filled with notes of proceedings had in fruitless actions, and on the other by claimants striving to secure by action, judgment and execution, more than their proportionate share of the estate, and at the expense of the other creditors, and it is reasonable to presume that mere actions such as are under consideration, the only class in which receivers were sued, no such rule would have been laid down by the courts, because of the absence of an occasion for it. In the examination of the precedents, however, I have not been able to find that there exists any exception to the rule. It is absolute, but not burdensome, because to the discretion of the court is committed the power to permit the bringing of an action whenever the interests of justice seem to require it. In such a case as this, the application, if made in the first instance, would be undoubtedly granted at once, because the contract of the parties, long ago spread upon the public records, authorizes this proceeding, under and by virtue of which the party obtains only the advantage which his contract lien justly secures.
It seems to be clear that the plaintiff erred in bringing these actions against the receiver without first obtaining leave of the court, and the next question suggested is, is the error jurisdictional? The answer to that question is decisive of the first motion.
It is stated in High on Receivers (§ 254, a), that “the weight of authority seems to support the proposition that ■ leave to sue the receiver is jurisdictional in its nature, and that its omission is fatal to maintaining the action.”
In support of that proposition is cited Barton v. Barbour (104 U. S., 126); and Keen v. Breckenbridge (96 Ind., 69).
An examination of the opinion in Barton v. Barbour warrants the assertion that the court expressly refrained from laying down any such rule. At page 131 of the opinion the court, upon the question of jurisdiction, say: “Our decision upon this question will be limited to the facts of this case, which are that the receiver was appointed by a court of the state of Virginia, and the property in course of administration was in that state; the suit was brought in a court of the District of Columbia, a foreign jurisdiction, and the cause of action was an injury received by plaintiff in the state of Virginia, by reason of the negligence of the defendant while carrying on the business of a railroad, under the orders of the court by which he was appointed. Ho leave was obtained to bring the suit, and it does not appear that any application was made, either to the receiver or to the court by which he was appointed, to allow and pay the demand of the plaintiff.
“Upon these facts we are of opinion that the supreme *492 court of the District of Columbia had no jurisdiction to entertain a suit.”
The only authority cited by the court in Barton v. Barbour was Peale v. Phipps (14 How., 368), and in that case a receiver was appointed by the circuit court of Mississippi, and in an action subsequently brought against the receiver in the United States circuit court, Mr. Chief Justice Taney, in the opinion of the court, said: “And while it (property of the insolvent corporation) thus remained in the custody and possession of that court, awaiting its order and decision, no other court had a right to interefere with it and wrest it from the hands of its agent and thereby put it out of his power to perform his duty;” and held that the facts stated in the petition showed “that the circuit court of Louisiana had no jurisdiction of the case.”
Those cases plainly hold that a court of foreign jurisdiction has not jurisdiction to entertain such a suit; not that there is a failure to obtain jurisdiction of the person by the service of a summons in an action commenced in the court appointing the receiver.
The decisions in this state to which the attention of the court has been called, all hold that an action must not be brought without leave of the court, but in the disposition of the cases where such actions have been commenced without leave, it has never been held that the court has failed to acquire jurisdiction of the person of the defendant receiver by the service of the summons, and the remedy applied, has been to stay all proceedings on the part of the plaintiff, or punish the plaintiff for contempt of court or both. Taylor v. Baldwin, 14 Abb., 166; DeGroot v. Jay, 30 Barb., 483; Higgins v. Wright, 43 id., 461.
In Crippin v. Culver (13 Barb., 424), a judgment was. recovered against a lunatic after the appointment of a committee and without first obtaining leave of the court; and it was held that the judgment was not void, nor even erroneous, and that the remedy of the lunatic thus improperly proceeded against, was by application to the court to restrain the prosecution of the suit at law and to punish the plaintiff for contempt.
I am, therefore, led to the conclusion that the defendant receiver is not entitled to the relief asked for in the first motion, to wit: That the action be set aside as against him, but that he is entitled to maintain the second motion in which he asks that the defendant’s counsel be adjudged guilty of contempt in bringing the action without leave of the court. It seems to the court that the contempt was not willful, but that the plaintiff proceeded upon the assumption that he had the legal right to the remedy adopted. Therefore no other terms should be imposed than are neces *493 sary to indemnify the receiver which will be covered by the payment of costs of motion in each case.
The plaintiff asks that leave of the court be now granted, and that an order nunc pro tunc be entered authorizing the commencement of the actions to foreclose the mortgages as against the defendant receiver. The relief asked for should not be denied. Years before the appointment of a receiver the mortgages in question were executed, delivered and recorded. By the conditions of the mortgage-contracts the plaintiff became entitled before the appointment of the receiver to enforce the remedy which he is now attempting to pursue. He is under no legal obligation to refrain from such enforcement to accommodate the wishes or convenience of subsequent creditors, and to refuse the application would be in effect an interference on the part of the court with the rights and privileges of the parties under a contract the validity and good faith of which is not questioned.
Motion to set aside and discontinue action as to the receiver denied, and on payment of motion costs in each case, the plaintiff’s counsel to be purged of contempt and order granting leave to sue the receiver in the actions, and .amending the complaint accordingly, to be entered nunc pro tur _