JOHN J. P. READ, Appellant, *v.* CHARLES N. BRAYTON, Respondent.

| 72  633 |
| 143a 342 |
| 72h 633 |
| 49ad 44 |

*Deposit of securities with the clerk of the court by its order — action of replevin for their recovery, enjoined.*

During the pendency of an action brought for the recovery of certain moneys deposited in a bank, the court ordered that certain certificates of deposit, which were issued by the bank at the time the deposit was made, be delivered by a third party in whose possession such certificates were to the clerk of the court. Thereafter, during the pendency of the first-mentioned action, the clerk of the court was sued in replevin by the plaintiff in the action, and the certificates demanded from him under process in such action by the sheriff.

*Held,* that the clerk of the court was entitled to an injunction absolutely restraining the prosecution of the action in replevin.

APPEAL by the plaintiff, John J. P. Read, from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Erie on the 7th day of April, 1893, which restrained and enjoined the plaintiff, his attorneys, agents and servants from prosecuting the above-entitled action, and the sheriff of Erie county from enforcing or compelling the delivery to him, by the defendant in the action, of certain certificates of deposit described in the affidavit of the plaintiff made in said action (for the recovery of which certificates the action was brought) until the executor or executors of the will, or administrator or administrators of the goods and chattels which were of Elizabeth A. S. Rockwell, deceased, were made parties to said action ; also until the executor or executors of the will, or the administrator or administrators of the goods, chattels and credits which were of George W. Rockwell, deceased, were made parties defendant to said action, etc.

*O. O. Cottle,* for the appellant.

*Jno. Cunneen,* for the respondent.

HAIGHT, J.:

It appears that the plaintiff deposited with the Marine Bank a sum of money for which it issued to him two certificates of deposit, and that he subsequently brought action against the bank to recover

the amount thereof.   Upon the trial, one Rockwell was summoned
by a subpœna *duces tecum* to produce the certificates.   He appeared,
and upon order of the court, produced them, but claimed that they
belonged to the estate of Elizabeth A. S. Rockwell, deceased, and
that he held them as her personal representative.   The court there-
upon made an order that they be delivered to the clerk of the court,
and that he retain them in his possession, subject to its further order.
Charles A. Orr was at that time the county clerk, and as such, the
clerk of the court.   He took possession of the certificates, pursuant
to the order, and upon the termination of his term of office, turned
them over to his successor, the defendant in this action.   Upon the
trial of the action against the bank, the court ordered judgment in
favor of the plaintiff, which judgment has been reversed by the
Court of Appeals, and sent the cause back for a new trial.   (*Read*
v. *Marine Bank*, 136 N. Y. 454.)

The plaintiff then moved at the Special Term for an order direct-
ing the clerk to deliver the certificates to him, which order was
denied, but without prejudice to a renewal thereof upon notice to
Rockwell, or the personal representatives of Elizabeth A. S. Rock-
well, deceased.   Thereupon, this action was brought, and papers in
replevin placed in the hands of the sheriff, who demanded from the
defendant the certificates in question.

We do not understand how this action can be maintained.   The
defendant is the clerk of the court and the custodian of the certifi-
cates, made such by the express order of the court.   He is, there-
fore, an officer of the court, represents it, and his possession is that
of the court.

In the case of *Noe* v. *Gibson* (7 Paige Ch. 513), the chancellor
says : "It is well settled that after a receiver is appointed,
and has taken the rightful possession of the property, it is a con-
tempt of court for a third person to attempt to deprive him of that
possession by force, or even by a suit or other proceeding against
him, without the permission of the court by whom the receiver was
appointed.   *   *   *   The same principles are applicable to every
other interference with the possession of a receiver, *sequestrator, com-
mittee or custodee* who holds the property as the officer of this court,
as his possession is in law the possession of the court itself."   (See,
also, *Albany City Bank* v. *Schermerhorn*, 10 Paige Ch. 263;

*Walling* v. *Miller*, 108 N. Y. 173–178 ; *Higgins* v. *Wright*, 43 Barb. 461–468.)

It will thus be observed that the defendant, as the custodian of the certificates, is placed under the same protection as a receiver.

When an action has been commenced against a receiver without leave, the court may stay the proceedings, or punish the plaintiff for contempt, or both. (*James* v. *James Cement Company*, 8 N. Y. St. Repr. 490 ; *De Groot* v. *Jay*, 30 Barb. 483 ; *Taylor* v. *Baldwin*, 14 Abb. Pr. 166.)

It may be said that the court improperly took the certificates of deposit from the possession of Rockwell and impounded them with the clerk, but Rockwell is not here complaining. The order still remains in force and unreversed. If improvidently granted it may be corrected on motion.

The order appealed from contains a provision to the effect that the stay should continue until the personal representatives of Mr. and Mrs. Rockwell are brought in as parties to the action, and that then the clerk be permitted to turn the certificates over to the county treasurer. We see no reason for changing the custodian of the certificates, or in continuing this action until other parties are brought in. The defendant is entitled to have the prosecution of it absolutely restrained.

The order appealed from should be modified by striking out all after the word " brought " in the second line of the 55th folio of the printed case, and as so modified affirmed, with ten dollars costs and disbursements.

DWIGHT, P. J., LEWIS and BRADLEY, JJ., concurred.

Order appealed from modified as indicated in the opinion, and as so modified affirmed, with ten dollars costs and disbursements.