## WILLIAMS v. EMPIRE WOOLEN CO.

(Supreme Court, Appellate Division, Fourth Department. June 17, 1896.)

1. FRIVOLOUS ANSWER—ALLEGING INSANITY OF DEFENDANT.
   Code Civ. Proc. § 55, provides that a party who is of full age may sue in person or by an attorney, unless he has been judicially declared to be incompetent to manage his affairs. Section 2320 provides for the appointment of a committee of such person, and that, after the appointment of the committee, such person shall be designated an "incompetent person." *Held,* that an answer which alleges that plaintiff is now, and was when the action was commenced, "of unsound mind, and totally and utterly incapable of understanding or transacting any business whatever, and is utterly incapable of maintaining this action," will be stricken out as frivolous. ·

2. COMPLAINT—NECESSITY OF VERIFICATION.
   A complaint is not defective because it is not verified.

Appeal from special term, Oneida county.

Action by James H. Williams, as trustee under the last will of Abijah J. Williams, deceased, for Jane B. Heath, against the Empire Woolen Company. From an order striking out the answer as frivolous, defendant appeals. Affirmed.

This action was commenced January 2, 1896. The complaint alleges that plaintiff was and is trustee of and under the last will of Abijah J. Williams, deceased, for Jane M. B. Heath, "which said will was duly proved and admitted to probate by the surrogate of the county of Oneida and state of New York long prior to the giving of the note hereafter mentioned." The complaint states that the defendant is a domestic corporation organized under the laws of the state of New York, and "alleges that the said defendant heretofore, for value received, made and delivered to the plaintiff, as such trustee, its promissory note, in writing, of which the following is a copy:

"$4,635.00. New York, July 1st, 1895.

"Six months after date, we promise to pay to the order of James H. Williams, trustee, four thousand six hundred and thirty-five and 00/100 dollars, at Oneida National Bank. Value received. Empire Woolen Company.
"G. W. Williams, President."

The complaint alleges that no part of the note has been paid, and prays for judgment for the sum of $4,635, with interest thereon from the 1st day of January, 1896. The complaint seems to have been verified by D. Clinton Murray on January 2, 1896. The defendant appeared and interposed an answer in the following words: "That the plaintiff, James H. Williams, is now, was at the time this action was commenced, and has been for more than a year last past, of unsound mind, and totally and utterly incapable of understanding or transacting any business whatever, and is utterly incapable of maintaining this action, and was so at the time it was brought; that, as defendant is informed and verily believes, D. Clinton Murray, the person who appears to have verified the complaint, could not be, and never was, the agent or attorney in fact for the plaintiff; and that at the time of the pretended appointment of said Murray as the attorney in fact of the plaintiff, and at the time of the pretended appointment of the said Murray as the agent of the plaintiff,

the said James H. Williams was, and ever since has been, of unsound mind, and without any understanding whatever." The answer was verified by the president of the defendant. An application was made to a justice of this court, on notice, on the 3d of February, 1896, for an order striking out as frivolous the defendant's answer, and for judgment as prayed for in the complaint. Upon hearing the parties the justice made an order in the following language: "Ordered, that the defendant's answer herein be, and the same hereby is, stricken out as frivolous; and it is further ordered that the plaintiff have judgment as prayed for in the complaint herein, with $10 costs of this motion." Defendant appeals from the order, which was filed in Oneida county, February 4, 1896.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Matteson & De Angelis, for appellant.
Miller, Fincke & Brandagee, for respondent.

HARDIN, P. J.    Section 55 of the Code of Civil Procedure provides as follows:

"A party to a civil action, who is of full age, may prosecute or defend the same in person or by an attorney, at his election, unless he has been judicially declared to be incompetent to manage his affairs. * * *"

Section 2320 of the Code of Civil Procedure confers upon the supreme court jurisdiction over the custody of the person and the care of the property of a person incompetent to manage himself or his affairs, in consequence of lunacy, idiocy, habitual drunkenness, or imbecility arising from old age, or loss of memory and understanding, and other causes. That section also provides that in all proceedings for the appointment of a committee such a person shall be designated "an alleged incompetent person," and after the appointment of a committee of such person in all subsequent proceedings the lunatic, idiot, habitual drunkard, or imbecile shall be designated "an incompetent person." Section 2321 of the Code of Civil Procedure provides that the court exercising jurisdiction over the property of either of the incompetent persons specified in the preceding section "must preserve the property from waste or destruction. * * *" The subsequent section (2322) provides, viz.:

"The jurisdiction specified in the last two sections, must be exercised by means of a committee of the person, or a committee of the property, or of a particular portion of the property, of the incompetent person, appointed as prescribed in this title. * * *"

Section 2323 provides that an application for the appointment of such a committee must be made by petition.

Probably it is true, as claimed by the learned counsel for the appellant, that:

"Neither the Code nor the practice makes any provision for the appointment of a guardian, or any person to commence and prosecute an action, for a person wholly without understanding."

In Runberg v. Johnson, 11 Civ. Proc. R. 283, it was held, viz.:

"An action may be commenced in the name of a person of unsound mind before he has been judicially declared such. The Code of Civil Procedure does not prohibit the bringing of an action, and does not change the legal status of the lunatic until the court interposes its jurisdiction."

In that case it was intimated that:

"Where an attorney is responsible, and brings an action without authority, the party in whose name the action is brought is bound by the judgment therein, and must seek his remedy against the attorney; and that this is so although such party is a lunatic."

In Brown v. Nichols, 42 N. Y. 26, it was held that, where an attorney appeared without authority for a defendant, the judgment "cannot be attacked for want of jurisdiction in any collateral proceeding, and is binding upon such defendant."

It is to be observed that in the answer under consideration there is no averment that the attorneys who brought the action in the name of the plaintiff were not properly authorized to institute the action. It is inferable that the cestui que trust has certain rights and interests in the cause of action set out in the complaint. There is nothing in the answer, or in the papers found in the appeal book, to indicate any actual want of authority in the attorneys who bring the action in behalf of the plaintiff. In the course of the opinion delivered by Allen, J., in Sanford v. Sanford, 62 N. Y. 557, it was said:

"The mental incompetency of the intestate, whether judicially determined or not, did not interfere with the enforcement of the legal liability resulting from the relation and the acts and necessities of the parties. Legal liabilities may be enforced against lunatics, idiots, and infants; and hence the fact that they are not in all respects sui juris has not been regarded as a reason for extending the time allowed by statute for commencing actions against them."

In Prentiss v. Cornell, 31 Hun, 167, it was said:

"The mental incapacity or incompetency of parties presents no interference with the enforcement of legal liabilities. The institution of legal proceedings against lunatics is not inhibited. They may be sued, and actions may be maintained against them, and whether their insanity will constitute a defense depends on the circumstances of the case. In this case no proceedings had been instituted at the time of the commencement of this action to inquire into the mental condition of these defendants, and they stood before the world with the presumption of sanity in their favor."

In Hawley v. Brennan, 9 N. Y. St. Rep. 505, it was said:

"The insanity of the defendant does not prevent this jurisdiction from attaching, for lunatics may be sued precisely as though they were sane. Legal liabilities may be enforced against lunatics, whether the mental incapacity has been judicially declared or not."

In Faulkner v. McClure, 18 Johns. 134, the defendant was non compos mentis, but he was of full age, and the action was allowed to proceed.

If we were to assume that Murray, who verified the complaint, was not authorized to do so, still the complaint would not be defective. It would be good as an unverified complaint. The verification is not an essential part of the complaint. We think the answer contains no defense to the allegations of the complaint, and that the order striking it out, and ordering judgment for the plaintiff, should be sustained.

Order affirmed, with $10 costs and disbursements. All concur.