## KENT v. WEST.

(Supreme Court, Appellate Division, Fourth Department. April 10, 1897.)

1. INSANE PERSONS—LEAVE TO SUE IN ANOTHER COURT.

The county court which appoints a committee may grant leave to sue the committee in the supreme court.

2. SAME—RESTRAINING ACTIONS AGAINST.

The mental incompetency of a person does not alone justify an order restraining the prosecution of an action against him.

3. SAME—CONCURRENT JURISDICTION OF COURTS—MOTION.

Code Civ. Proc. § 2320, provides that, where two courts have concurrent jurisdiction over the affairs of a lunatic, the jurisdiction of the court first exercising it becomes exclusive. Section 340, subd. 4, gives the county court concurrent jurisdiction with the supreme court over such matters. Held, that where the county court appointed a committee, and afterwards authorized plaintiff to sue him either in the supreme or county court, and an action was brought in the supreme court, it was not error for the supreme court to deny a motion by the committee to restrain plaintiff from suing him, and to provide that the denial should be without prejudice to an application for the same relief in the county court.

Appeal from special term, Onondaga county.

Action by Charles S. Kent against Isaac S. West, as guardian and committee of the property of Asa K. West, for professional services. From an order denying without prejudice a motion to restrain plaintiff from suing Isaac S. West as committee, he appeals. Affirmed.

The language of the order from which the appeal is taken is as follows: "Ordered, that this motion be denied, without costs, and without prejudice to a motion by the said Isaac S. West, as guardian and as committee of said Asa K. West, in the Erie county court, for the same relief." In September, 1896, the plaintiff commenced an action in the supreme court against George F. West, Asa K. West, and Isaac S. West as committee of the person and property of Asa K. West, to recover the sum of $20,000, alleged to be due the plaintiff for professional services, in virtue of a contract existing between him and the defendants. October 26, 1896, an order for publication of the summons was granted as against Asa K. West, and Isaac S. West as committee, etc. In December, 1896, Isaac S. West, guardian, and as committee of the property of Asa K. West, gave notice of a motion asking for an order "perpetually restraining the prosecution of this action against said Asa K. West, and for the punishment of the plaintiff for contempt of court for the prosecution thereof against him, and for such other and further relief as to the court shall seem proper." The notice of motion was signed by the attor-

neys for Isaac S. West generally. On the 24th of April, 1896, the plaintiff applied to the county court of Erie county, upon a petition praying for an order granting leave to the said petitioner "to sue Isaac S. West as committee of the estate of Asa K. West, an incompetent person," and obtained an order which contains the following language: "Ordered, that the above-named petitioner, Charles S. Kent, be, and he is hereby, granted leave to bring an action, at his option, either in the county court of Erie county, N. Y., or in the supreme court of this state, against Isaac S. West as committee of the property of Asa K. West, an incompetent person, for the purpose of establishing and adjusting the claims and accounts mentioned in said petition, and the amount due thereon, if anything, to the said petitioner. And it is further ordered that leave be, and is hereby, granted to the said Charles S. Kent to attach the goods, chattels, and property of the said incompetent person within this state to an amount sufficient to secure said claim and demand. And it is further ordered that said petitioner may include in said action a cause of action to compel said Isaac S. West to file a true inventory and account of the estate of said incompetent person." Isaac S. West, in the year 1893, was, by the Erie county court, "appointed committee of the property of the said Asa K. West."

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Jenney & Jenney, for appellant.
Wilson, Wells & Cobb, for respondent.

HARDIN, P. J. Inasmuch as the Erie county court appointed the appellant committee of Asa K. West, it was competent for that court to grant an order giving leave to the plaintiff "to bring an action * * * in the supreme court of this state against Isaac S. West as committee of the property of Asa K. West, an incompetent person." In Re Otis, 101 N. Y. 581, 5 N. E. 571, it was stated:

"That the committee had no interest in the property. That his possession was the possession of the court, and his authority that of his agent acting under its direction. * * * The committee thus becomes merely the officer or agent of the court, and has no authority except such as comes from that source, or is vested in him by statute. * * * The committee is but the hand of the court, moving only as moved by the dominant will."

The same doctrine is approved in Pharis v. Gere, 110 N. Y. 347, 18 N. E. 135. In Taylor v. Baldwin, 14 Abb. Prac. 166, it was held that it was contempt to bring an action against a receiver without leave of the court which appointed him, and such is the practice in respect to actions against a committee of a lunatic. The same practice obtains in respect to other officers holding money in their hands, as such money is deemed to be in the custody of the court, and no action can be brought against such officer without the permission of the court. Higgins v. Wright, 43 Barb. 462. An action brought without such permission is regarded as a contempt. De Groot v. Jay, 30 Barb. 483. It was said in James v. Cement Co., 8 N. Y. St. Rep. 490, that, although an action be commenced against a receiver without leave, the court acquires jurisdiction of the defendant receiver by the service of the summons. Inasmuch as the order of the Erie county court, which was the court appointing Isaac S. West a committee, authorized an action to be brought against Isaac S. West as committee, we think the court at special term properly denied that branch of the motion which asked to punish the plaintiff for instituting this suit. It is to be

kept in mind that the order appealed from, denying the appellant's motion, was "without prejudice to a motion by the said Isaac S. West, as guardian and as committee of said Asa K. West, in the Erie county court for the same relief." We think that was a proper disposition to be made of the motion, upon that branch of it.

We think the papers found in the appeal book furnish no adequate reason for granting to the appellant "an order perpetually restraining the prosecution of this action against said Asa K. West." In Prentiss v. Cornell, 31 Hun, 168, it was said:

"The mental incapacity or incompetency of parties presents no interference with the enforcement of legal liabilities. The institution of legal proceedings against lunatics is not inhibited. They may be sued, and actions may be maintained against them, and whether their insanity will constitute a defense depends on the circumstances of the case. Sanford v. Sanford, 62 N. Y. 553; Insurance Co. v. Hunt, 14 Hun, 169; Id., 79 N. Y. 541."

That case was cited with approbation in the opinion of this court delivered in Williams v. Woolen Co., reported in 7 App. Div. 349, 39 N. Y. Supp. 941. In Re Wing, 83 Hun, 285, 31 N. Y. Supp. 941, it appeared that a committee had been appointed by a county court of Niagara county, and in the course of the opinion it was said:

"That court had jurisdiction, concurrent with the supreme court, to entertain the proceeding. Code Civ. Proc. § 340, subd. 4. But by the provision of section 2320 of the same statute, the two courts having jurisdiction of those matters concurrent with each other, the jurisdiction of the court first exercising it became exclusive of that of the other. * * * The effect of the provision of section 2320, supra, the county court having first exercised the jurisdiction therein mentioned, must therefore have been to exclude the supreme court from jurisdiction of any matter relating to the payment of the debts of the lunatic in this case; and that objection is one which may be taken for the first time on appeal."

We think the special term committed no error in denying the motion of the appellant, and in providing that the denial should be without prejudice to an application for relief to the county court of Erie county.

Order affirmed, with $10 costs and disbursements. All concur.