CHARLES S. KENT, Respondent, *v.* ISAAC S. WEST, as Guardian and as Committee of the Person and Property of ASA K. WEST, Appellant, Impleaded with Others.

*Lunatic — made a party defendant with his committee to an action in which authority has been given to sue the committee — an injunction to restrain its prosecution denied.*

Where a County Court, which has appointed a committee of a lunatic, grants permission to an alleged creditor to bring an action either in the County Court or in the Supreme Court against the committee of the lunatic in order to adjust the claims and accounts of the creditor, and the creditor subsequently brings an action in the Supreme Court and makes not only the committee, but also the lunatic, a party, the Supreme Court should not perpetually restrain the prosecution of the action against the lunatic, as his mental incapacity presents no interference with the enforcement of his legal liability.

APPEAL by the defendant, Isaac S. West, as guardian and as committee of the person and property of Asa. K. West, from an order of the Supreme Court, made at the Onondaga Special Term and entered in the office of the clerk of the county of Onondaga on the 13th day of January, 1897, denying his motion to restrain the prosecution of the action against Asa K. West and to punish the plaintiff for contempt of court for the prosecution thereof as against the said Asa K. West.

The language of the order from which the appeal is taken is as follows :

" Ordered, that this motion be denied without costs, and without prejudice to a motion by the said Isaac S. West, as guardian and as committee of said Asa K. West, in the Erie County Court for the same relief."

In September, 1896, the plaintiff commenced an action in the Supreme Court against George F. West, Asa K. West and Isaac S. West, as committee of the person and property of Asa K. West, to recover the sum of $20,000 alleged to be due the plaintiff for professional services in virtue of a contract existing between him and the defendants.

October 26, 1896, an order for publication of the summons was granted as against Asa K. West and Isaac S. West, as committee, etc.

In December, 1896, Isaac S. West, guardian and as committee of the property of Asa K. West, gave notice of a motion, asking for an order " perpetually restraining the prosecution of this action against said Asa K. West, and for the punishment of the plaintiff for contempt of court for the prosecution thereof against him, and for such other and further relief as to the court shall seem proper." The notice of motion was signed by the attorneys for Isaac S. West generally.

On the 24th of April, 1896, the plaintiff applied to the County Court of Erie county, and upon a petition, praying for an order granting leave to the said petitioner " to sue Isaac S. West as committee of the estate of Asa K. West, an incompetent person," and obtained an order which contains the following language :

" Ordered, that the above-named petitioner, Charles S. Kent, be and he is hereby granted leave to bring an action at his option either in the County Court of Erie county, N. Y., or in the Supreme Court of this State, against Isaac S. West as committee of the property of Asa K. West, an incompetent person, for the purpose of establishing and adjusting the claims and accounts mentioned in said petition and the amount due thereon, if anything, to the said petitioner.

" And it is further ordered, that leave be and is hereby granted to the said Charles S. Kent to attach the goods, chattels and property

of the said incompetent person within this State to an amount sufficient to secure said claim and demand.

" And it is further ordered, that said petitioner may include in said action a cause of action to compel said Isaac S. West to file a true inventory and account of the estate of said incompetent person."

Isaac S. West, in the year 1893, was, by the Erie County Court, " appointed a committee of the person and property of the said Asa K. West."

William S. Jenney, for the appellant.

Raymond Cobb, for the respondent.

HARDIN, P. J.:

Inasmuch as the Erie County Court appointed the appellant committee of Asa K. West, it was competent for that court to grant an order giving leave to the plaintiff " to bring an action * * * in the Supreme Court of this State against Isaac S. West as committee of the property of Asa K. West, an incompetent person."

In Pharis v. Gere (110 N. Y. 347) it was stated, citing The Matter of the Application of Otis (101 id. 581): " That the committee had no interest in the property; that his possession was the possession of the court, and his authority that of its agent acting under its direction. * * * The committee thus becomes merely the officer or agent of the court, and has no authority except such as comes from that source or is vested in him by statute. * * * The committee is but the hand of the court, moving only as moved by the dominant will."

In Taylor v. Baldwin (14 Abb. Pr. 166) it was held that it was contempt to bring an action against a receiver without leave of the court which appointed him; and such is the practice in respect to actions against a committee of a lunatic. The same practice obtains in respect to other officers holding money in their hands, as such money is deemed to be in the custody of the court, and no action can be brought against such officer without the permission of the court. (Higgins v. Wright, 43 Barb. 461.) An action brought without such permission is regarded as a contempt. (DeGroot v. Jay, 30 Barb. 483.)

It was said in *James* v. *The James Cement Company* (8 N. Y. St. Repr. 490) that, although an action be commenced against a receiver without leave, the court acquires jurisdiction of the defendant receiver by the service of the summons.

Inasmuch as the order of the Erie County Court, which was the court appointing Isaac S. West a committee, authorized an action to be brought against Isaac S. West as committee, we think the court at Special Term properly denied that branch of the motion which asked to punish the plaintiff for instituting this suit. It is to be kept in mind that the order appealed from, denying the appellant's motion was " without prejudice to a motion by the said Isaac S. West, as guardian and as committee of said Asa K. West, in the Erie County Court, for the same relief." We think that was a proper disposition to be made of the motion upon that branch of it.

We think the papers found in the appeal book furnish no adequate reason for granting to the appellant " an order perpetually restraining the prosecution of this action against said Asa K. West."

In *Prentiss* v. *Cornell* (31 Hun, 168) it was said : " The mental incapacity or incompetency of parties presents no interference with the enforcement of legal liabilities. The institution of legal proceedings against lunatics is not inhibited. They may be sued and actions may be maintained against them, and whether their insanity will constitute a defense depends on the circumstances of the case. (*Sanford* v. *Sanford*, 62 N. Y. 553 ; *Mutual Life Ins. Co.* v. *Hunt*, 14 Hun (Sup. Ct.), 169 ; *Id.*, 79 N. Y. 541.)"

That case was cited with approbation in the opinion of this court, delivered in *Williams* v. *Empire Woolen Co.* (7 App. Div. 349).

In *The Matter of Wing* (83 Hun, 285) it appeared that a committee had been appointed by a County Court of Niagara county, and, in the course of the opinion, it was said : " That court had jurisdiction concurrent with the Supreme Court to entertain the proceeding. (Code Civ. Proc. § 340, subd. 4.) But, by the provisions of section 2320 of the same statute, the two courts having jurisdiction of those matters concurrent with each other, the jurisdiction of the court first exercising it became exclusive of that of the other. * * * The effect of the provision of section 2320 (*supra*) — the County Court having first exercised the jurisdiction therein mentioned — must, therefore, have been to exclude the Supreme Court from

jurisdiction of any matter relating to the payment of the debts of the lunatic in this case; and that objection is one which may be taken for the first time on appeal."

We think the Special Term committed no error in denying the motion of the appellant, and in providing that the denial should be without prejudice to an application for relief to the County Court of Erie county.

The order should be affirmed, with ten dollars costs and disbursements.

All concurred.

Order affirmed, with ten dollars costs and disbursements.