SMITH v. KETELTAS et al.

(Supreme Court, Appellate Division, First Department. March 25, 1898.)

1. ACTION AGAINST INCOMPETENT.

An action cannot be maintained against one judicially declared to be incompetent until leave of court has been first obtained. Code Civ. Proc. § 426, subd. 2, only provides whom the summons shall be served upon where an action is to be commenced, but is no authority on the question of the right to bring an action.

2. SAME—GUARDIAN AD LITEM.

If service of summons upon an incompetent is irregular, because no leave of court was obtained, the plaintiff cannot legally obtain the appointment of a guardian ad litem; certainly not without giving notice of the application to the committee.

Appeal from special term, New York county.

Action by Eugene K. Smith against Alice Keteltas and others. From an order setting aside the service of summons on certain incompetents, and vacating the appointment of a guardian ad litem for them (50 N. Y. Supp. 747), plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, INGRAHAM, and McLAUGHLIN, JJ.

Bainbridge Smith, for appellant.
John E. Parsons, for respondent.

McLAUGHLIN, J.   Two of the defendants are incompetents, and the action was commenced against them without leave of the court. When the summons was served upon them, a committee theretofore duly appointed of their persons and estates was acting.   After service of the summons upon the incompetents and the committee, the plaintiff applied ex parte for, and obtained, an order appointing a guardian ad ' litem.   The committee thereafter, upon notice to the plaintiff's attorney and the guardian ad litem, obtained an order setting aside the service of the summons, and vacating the order appointing the guardian ad litem, upon the ground that leave to bring the action against the incompetents had not been obtained.   It it from this order that this appeal is taken.

We think the order was properly granted.   The control of the estate of an incompetent is vested in the court, and the committee appointed to take charge of such estate is an officer of the court.   The court will not permit an action to be maintained against one of its own officers until leave to do so has been granted by it.   This rule prevailed at common law (L'Amoureux v. Crosby, 2 Paige, 422; In re Heller, 3 Paige, 199; In re Hopper, 5 Paige, 489); and it has not been changed by statute.

Soverhill v. Dickson, 5 How. Prac. 109, is directly in point, and, as it seems to me, decisive of the question here presented.   There action was commenced without leave of the court, by the service of summons upon the incompetent and his committee.   An application was thereafter made to set aside the service, upon the ground that leave to commence the action had not been obtained.   The motion was granted, and Welles, J., in disposing of the motion, said:

"I am not able to perceive that the new organizations of the courts, or the new modes of proceedings therein, have essentially changed the law on the subject.   All the reasons for the former practice continue.   The 134th section of the Code directs whom the summons shall be served upon in the several cases therein specified.   The third subdivision of the section provides, where the action is against a person judicially declared to be of unsound mind or incapable of conducting his own affairs in consequence of habitual drunkenness, and for whom a committee has been appointed, that the summons shall be delivered to such committee and the defendant personally.   It has been supposed that this authorized the commencement of the action at once, and without first applying for leave to prosecute.   But this cannot be so.   It only provides whom the summons shall be served upon, where an action is to be commenced.   It is no authority on the question of the creditor's right to bring an action, one way or the other."

It is true this case was decided under section 134 of the Code of Procedure, but section 426 of the present Code of Civil Procedure, so far as it relates to service on incompetent persons, is substantially the same as that section, and the same rule applies.   In re Delahunty, 28 Abb. N. C. 245, 18 N. Y. Supp. 395; Kent v. West, 16 App. Div. 496, 44 N. Y. Supp. 901.   But it is urged by appellant's counsel that section 428 of the Code of Civil Procedure authorized the appointment

of the guardian ad litem, inasmuch as the papers upon which the order was made established that the interest of the committee is adverse to the interests of the incompetents. This section authorizes the appointment of a guardian ad litem only after the service of the summons upon the committee and the incompetents in the manner prescribed by subdivision 2 of section 426. Such service, as we have already seen, cannot be legally made until leave to do so has been obtained from the court. No such leave having been obtained in this case, the service of the summons was irregular, and the plaintiff could not legally obtain the appointment of a guardian ad litem; certainly not without giving notice of the application to the committee. 1 Barb. Ch. Prac. p. 86.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.