(32 Misc. Rep. 414.)

## In re BELLENGER.

(Supreme Court, Special Term, St. Lawrence County. August, 1900.)

1. INSANE PERSONS—COMMITTEE—APPOINTMENT—NOTICE.

Personal notice should be given an alleged lunatic of a proceeding to appoint a committee of his person and estate.

2. SAME—COURTS—JURISDICTION—ASSUMPTION.

Code Civ. Proc. § 2320, conferring on the county and supreme courts concurrent jurisdiction to appoint a committee of the person and property of a lunatic, and making the jurisdiction of the court first exercising it exclusive, the supreme court cannot break in on the county court's proceedings in such a case, to guide, control, or nullify them, except by proper appeal to the appellate division.

3. SAME—APPOINTMENT WITHOUT NOTICE—PROCEDURE FOR RELIEF.
     The supreme court, on a simple notice of motion and petition, cannot
     afford relief to an alleged lunatic, claiming to have been deprived of the
     control of his property by proceedings in a county court to appoint a
     committee, begun without first acquiring jurisdiction by proper service
     of notice of such proceedings on such alleged lunatic.

Petition by Horatio G. Bellenger, an alleged incompetent, for an order discharging his committee, returning his property to him, and vacating the proceedings under which his committee was appointed by the county court. Denied.

George Morton, for petitioner.

George E. Van Kennen, for Samuel W. Leonard.

RUSSELL, J. Horatio G. Bellenger, an alleged incompetent, petitions this court for an order discharging the committee of his property, restoring such property to the petitioner, and vacating and setting aside all proceedings under which Leonard was appointed committee. The petitioner was committed to the St. Lawrence State Hospital, as a lunatic, on the 6th day of June, 1899, upon the usual certificates and order, without further investigation; and by proceedings instituted in the county court of St. Lawrence county on the 17th of June, 1899, Leonard was appointed a committee of his person and estate. Notice of the presentation of the petition for such appointment was served upon Dr. Mabon, superintendent of the state hospital, and the son and wife of the alleged incompetent. No notice was served upon him. On the 24th of April, 1900, by departure, voluntary on his part, and involuntary on the part of the hospital authorities, Bellenger left the seclusion of that place, and has not since been disturbed in his freedom, though remaining at Ogdensburg, where the hospital is located. In July, 1900, proceedings were taken, upon his application, before the county judge of St. Lawrence county, for a discharge of the committee, on the ground that the petitioner had recovered his sanity, and that the original proceedings were void for want of service upon him. Testimony was taken, and the matter resulted in an order of the county court denying the request, and refusing to discharge the committee. This court is now asked to set aside the proceedings of the county court, and relieve the petitioner from the burden of the existing orders in that court, and restore to him his property, on the theory that the failure to serve notice upon the petitioner of the original petition and notice, by which those proceedings in the county court were commenced, prevented that court from having any jurisdiction of either the person or property, and incidentally, also, that the finding of the county court was incorrect when it refused to discharge the committee; the petitioner claiming himself now to be a sane person, entitled to the custody of his own property and to his own liberty. I cannot agree with the counsel for the respondent that there is no necessity of personal notice to the alleged lunatic of the proceeding designed to take from him the control of his own estate and the freedom of his own person. But whether the failure to give him such notice, as he was then in durance at the hospital as a lunatic, made the

subsequent proceedings void or merely voidable, is a question which it is not necessary here to decide. The county court has confided to it concurrent jurisdiction with the supreme court to appoint a committee of the person and property of a lunatic, and the jurisdiction of the court first exercising it is exclusive. Code Civ. Proc. § 2320. For this purpose the county court, having begun to exercise its jurisdiction over all matters within its scope, has the sole right to continue the exercise of that jurisdiction to the end. This court cannot break in upon its proceedings, to guide, control, or nullify them, except by proper appeal to the appellate division. In the possible recognition of this principle, counsel for the petitioner urges that the county court did not get power to act as a court, and that the committee is, in law, without any authority whatever from that court, which might have gained jurisdiction by the proper initiatory service. Were this position correct, then Leonard occupies Bellenger's property without authority, and is subject to the usual remedies of compulsory restoration. Those remedies are well known. The supreme court has undoubted jurisdiction in all matters affecting life, liberty, or property, but must act according to well-defined practice. Upon the service of a summons it gains jurisdiction of the person and the subject-matter, but it has as yet adopted no method of practice to hear controversies over property upon a simple notice of motion and petition, with no proceeding theretofore initiated. The only litigation now pending is in the county court, and the first paper herein served is the notice of motion referred to, accompanied by the petition of Bellenger. Such an application is not recognized by any rule or authority to which I have been cited, and the petitioner must be remitted to the all-sufficient remedies afforded by a suit in equity or at law, or an appeal from the last order of the county court.

Application denied.