In the Matter of the Judicial Settlement of the Accounts of FRANK H. FISHER, as Committee of VINCENT VOLKMAR, an Incompetent Person.

FRANK H. FISHER, as Committee of VINCENT VOLKMAR, an Incompetent Person, Appellant; EUGENE RAINES, as Special Guardian of VINCENT VOLKMAR, an Incompetent Person, Respondent.

Fourth Department, May 25, 1938.

*Ira H. Morris,* for the appellant.

*Eugene Raines,* special guardian, respondent.

DOWLING, J. On November 4, 1922, Frank H. Fisher was appointed by the Supreme Court, Monroe county, committee of the person and estate of Vincent Volkmar, an incompetent veteran of the World war. He qualified and has since acted in that capacity. On May 17, 1937, he petitioned the Monroe County Court for leave to resign his committeeship and to render and have judicially settled his accounts. His application was granted by an order entered May 18, 1937. He filed his account and moved, on notice to all interested parties, for settlement thereof. A special guardian of the incompetent and a referee were appointed by the County Court. The special guardian filed objections to certain items of the account. Hearings thereon were held before one of the Monroe county judges. At the conclusion of the testimony, the county judge rendered a decision discharging the committee, sustaining practically all the objections to the account and surcharging the account of the committee in the sum of $2,231.04. A decree was entered accordingly on November 24, 1937. On December 6, 1937, the committee moved at a term of Monroe County Court for an order vacating the decree on the ground that it was wholly void and that the Monroe County Court had no jurisdiction of the accounting proceeding. The motion was denied by an order entered January 3, 1938. The committee seasonably appealed to this court from said decree and order.

A County Court has jurisdiction, concurrently with the Supreme Court, of a resident of the county who is incompetent to manage his affairs and of a proceeding for the appointment of a committee of the person or of the estate of such incompetent. (Civ. Prac. Act, § 67, subd. 4.) When the County Court possesses jurisdiction of an action or proceeding it has the same power and authority over it as has the Supreme Court. (Civ. Prac. Act, § 69.)

Article 81 of the Civil Practice Act relates to the appointment of committees of incompetents and defines their powers and duties. Article 81-A of the Civil Practice Act relates to " Proceedings relative to incompetent veterans and infant wards of the United States Veterans' Bureau." By section 1384-d of article 81-A, a petition for the appointment of a guardian for an incompetent ward may be filed in the Supreme Court or in the County Court

pursuant to jurisdiction given in article 81 of the Civil Practice Act and the Rules of Civil Practice.

Under section 1356, article 81, of the Civil Practice Act,. the jurisdiction of the court first exercising it is exclusive of the others with respect to any matters within its jurisdiction for which provision is made in article 81. In section 1381 of article 81 provision is made for the intermediate and final accountings of committees. : The effect, then, of the provisions of section 1356 of the Civil Practice Act, the Supreme Court first having exercised jurisdiction, was to exclude the Monroe County Court from taking jurisdiction of this proceeding. (*Matter of Wing*, 83 Hun, 284, 286; *Matter of Bellenger*, 32 Misc. 414, 415; *Kent* v. *West*, 16 App. Div. 496, 499; 33 id. 112, 115, 116; appeal dismissed, 163 N. Y. 589.)

Exclusive jurisdiction is conferred on the court first exercising it to prevent, among other things, the making of conflicting orders in the administration of incompetents' estates. " Seemly administration of the law demands " that the orders of courts do not conflict. (*Matter of Lee*, 220 N. Y. 532, 539; *Matter of Vanderbilt*, 153 Misc. 884, 886.)

The Monroe County Court had no jurisdiction to entertain this proceeding and acquired none by the voluntary appearance of the committee in that court. The decree of the Monroe County Court was a nullity and should have been vacated. Having reached this conclusion we are not required to consider the question of surcharge.

The order appealed from should be reversed, the decree of the Monroe County Court should be vacated, without costs, and the proceedings should be removed to the Supreme Court. (Civ. Prac. Act, § 110.)

All concur. Present — CROSBY, LEWIS, CUNNINGHAM, TAYLOR and DOWLING, JJ.

Order reversed on the law and decree vacated, without costs of this appeal to any party.