Matter of Wagschal v Szegedin (2023 NY Slip Op 01899)

Matter of Wagschal v Szegedin

2023 NY Slip Op 01899

Decided on April 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2019-10968
 (Index No. 3943/19)

[*1]In the Matter of Herman Wagschal, et al., respondents-appellants, 
v
Gedalye Szegedin, etc., et al., appellants-respondents, et al., respondents.

Whiteman Osterman & Hanna LLP, Albany, NY (Michael G. Sterthous, Robert S. Rosborough IV, and Eric J. Weinhold of counsel), for appellants-respondents and respondent Village Board of Kiryas Joel.
Sive, Paget & Riesel, P.C., New York, NY (Steven Barshov, Alexis Saba, and Dane Warren of counsel), for respondents-appellants.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, in the nature of prohibition to prohibit Anthony Cardone, in his official capacity as Supervisor of the Town of Monroe, Town Board of Monroe, and Town of Monroe from exercising jurisdiction over certain proposals for the annexation of certain territories to the Village of Kiryas Joel, Gedalye Szegedin, in his official capacity as Village Administrator and Clerk of the Village of Kiryas Joel, and Village of Kiryas Joel appeal, and the petitioners cross-appeal, from an order and judgment (one paper) of the Supreme Court, Orange County (Sandra B. Sciortino, J.), entered July 31, 2019. The order and judgment, insofar as appealed from, denied that branch of the motion of Gedalye Szegedin, in his official capacity as Village Administrator and Clerk of the Village of Kiryas Joel, and the Village of Kiryas Joel which was to dismiss that branch of the petition which was to prohibit Anthony Cardone, in his official capacity as Supervisor of the Town of Monroe, Town Board of Monroe, and Town of Monroe from exercising jurisdiction over the subject annexation proposals, granted that branch of the petition, and prohibited Anthony Cardone, in his official capacity as Supervisor of the Town of Monroe, Town Board of Monroe, and Town of Monroe from exercising jurisdiction over the subject annexation proposals until such time as they have considered and decided a petition for the incorporation of the proposed Village of Seven Springs filed on March 29, 2019. The order and judgment, insofar as cross-appealed from, granted those branches of the motion of Anthony Cardone, in his official capacity as Supervisor of the Town of Monroe, Town Board of Monroe, and Town of Monroe, and the separate motion of Gedalye Szegedin, in his official capacity as Village Administrator and Clerk of the Village of Kiryas Joel, and the Village of Kiryas Joel which were to dismiss those branches of the petition which were to permanently enjoin Anthony Cardone, in his official capacity as Supervisor of the Town of Monroe, Town Board of Monroe, and Town of Monroe from considering the subject annexation proposals on the grounds that they were ultra vires and not in compliance with the law.
ORDERED that the order and judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
This proceeding arises out of competing municipal claims to certain land located in the Town of Monroe. Certain petitions filed for the incorporation of the proposed Village of Seven Springs included territory which overlapped with territory sought to be annexed to the Village of Kiryas Joel by certain annexation proposals submitted by Gedalye Szegedin, as Village Administrator of the Village of Kiryas Joel (hereinafter the subject annexation proposals).
The petitioners commenced this proceeding against Anthony Cardone, in his official capacity as Supervisor of the Town of Monroe, the Town Board of the Town of Monroe, and the Town of Monroe (hereinafter collectively the Town respondents), Szegedin, in his official capacity as Village Administrator and Clerk of the Village of Kiryas Joel, the Village of Kiryas Joel (hereinafter together the Kiryas Joel respondents), and the Village Board of the Village of Kiryas Joel pursuant to CPLR article 78, inter alia, to prohibit the Town respondents from exercising jurisdiction over or acting upon the subject annexation proposals. The Town respondents and the Kiryas Joel respondents separately moved to dismiss the petition insofar as asserted against each of them. The Supreme Court, among other things, granted those branches of their separate motions which were to dismiss those branches of the petition which were to permanently enjoin the Town respondents from considering the subject annexation proposals on the grounds that they were ultra vires and not in compliance with the law, denied those branches of their separate motions which were to dismiss that branch of the petition which were to prohibit the Town respondents from exercising jurisdiction over the subject annexation proposals, granted that branch of the petition, and prohibited the Town respondents from exercising jurisdiction over the subject annexation proposals until such time as the Town respondents have considered and decided a petition for incorporation of the proposed Village of Seven Springs, which was filed on March 29, 2019 (hereinafter the March 29, 2019 incorporation petition). The Kiryas Joel respondents appeal, and the petitioners cross-appeal.
The Supreme Court properly denied that branch of the Kiryas Joel respondents' motion which was to dismiss that branch of the petition which was to prohibit the Town respondents from exercising jurisdiction over the subject annexation proposals (see CPLR 7804[f]). That determination is ripe for review as the petitioners are seeking a determination as to "whether the body or officer . . . is about to proceed without or in excess of jurisdiction" (id. § 7803[2]; see Matter of Civil Serv. Empls. Assn. v Helsby, 31 AD2d 325, 330, affd 24 NY2d 993).
Furthermore, as no triable issues of fact were presented with regard to that branch of the petition, the Supreme Court properly determined that branch of the petition before the Kiryas Joel respondents interposed an answer (see CPLR 7804[f]; Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educ. Servs. of Nassau County, 63 NY2d 100; Matter of S & R Dev. Estates, LLC v Feiner, 112 AD3d 945).
The Supreme Court properly applied the prior jurisdiction rule and determined that the March 29, 2019 incorporation petition must be considered by the Town respondents first. The prior jurisdiction rule applies in the context of court filings to confer exclusive jurisdiction on the court in which a proceeding is first filed (see Colson v Pelgram, 259 NY 370, 375; Burmax Co. v B & S Indus., 135 AD2d 599, 601; Matter of Volkmar [Fisher], 254 App Div 225, affd 279 NY 797). The prior jurisdiction rule has been applied in the context of competing municipal annexation petitions (see Matter of Commandeer Realty Assoc., Inc. v Allegro, 49 Misc 3d 891 [Sup Ct, Orange County]). The prior jurisdiction rule applies to prioritize the municipality which has taken the first valid, formal steps towards annexation, and by extension, incorporation (see id. at 909-910).
Here, the Supreme Court properly determined that the March 29, 2019 incorporation petition superseded prior petitions filed for the incorporation of the proposed Village of Seven Springs. The court also properly found that no complete and formal annexation petition was filed on behalf of the Village of Kiryas Joel until April 8, 2019, which filing superseded prior incomplete and informal annexation proposals made by Szegedin. Accordingly, the court properly concluded that the March 29, 2019 incorporation petition must be considered by the Town respondents first.
Contrary to the contention of the Kiryas Joel respondents, the petitioners did not [*2]abandon their cross-appeal. Nevertheless, the Supreme Court properly granted those branches of the separate motions of the Town respondents and the Kiryas Joel respondents which were to dismiss those branches of the petition which were to permanently enjoin the Town respondents from considering the subject annexation proposals on the grounds that they were ultra vires and not in compliance with the law, as the issues raised therein are not subject to prohibition (see Matter of Morgenthau v Erlbaum, 59 NY2d 143, 147).
BARROS, J.P., MILLER, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court